**COWAN et al. v. HENSLEE.**

**KLEIN et al. v. HENSLEE.**

**Nos. 869, 871.**

United States District Court
M. D. Tennessee, Nashville Division.

July 15, 1949.

Egerton, McAfee, Armistead & Davis, Knoxville, Tenn., for plaintiffs.

Courtnay C. Hamilton, Attorney, Tax Division, Department of Justice, Washington, D. C., and A. O. Denning, Assistant United States Attorney, Nashville, Tenn., for defendant.

DAVIES, District Judge.

These are companion cases and were consolidated for hearing on application of the parties and the consent of the Court. The cases were tried on the admissions contained in the pleadings, Exhibits A and B to the complaint (which were introduced in evidence), admissions of the defendant in response to plaintiffs' request therefor under Rule 36 of the Federal Rules of Civil Procedure, 28 U.S.C.A., and a stipulation made by the parties in open court, and, after due consideration thereof, the Court enters its Findings of Fact and Conclusions of Law, as follows:

Findings of Fact

1. On June 18, 1933, the East Tennessee National Bank of Knoxville, Tennessee, failed and a receiver thereof was appointed

by the Comptroller of the Currency as provided under the National Banking Statutes.

2. Under the Bank Conservation Act, 12 U.S.C.A. § 201 et seq., a written plan and agreement for reopening the East Tennessee National Bank of Knoxville, Tennessee, was adopted on December 21, 1933, as of March 10, 1933, and Marion O. Cowan was appointed a Trustee thereunder. Victor H. Klein was appointed a Trustee on May 26, 1939. The plan and agreement provided that the Trustees should do and perform any and all the duties usual to trusts involving the reorganization of a national bank. The Trustees were empowered to take charge of the management of the bank in reorganization, to deal with its assets, to pay its creditors and unsecured depositors 70 per cent of their claims, to issue stock of the reorganized bank to the old stockholders, their successors or assigns, etc., and in general the Trustees were authorized to and did take any and all actions proper and desirable in carrying out the purpose and intent of the plan and agreement.

3. As compensation for their services as Trustees the instrument made express provision as follows:

"The Trustees shall be allowed to deduct from monies coming into their hands all necessary and proper expenses; and they are specifically authorized and empowered to employ any and all persons necessary to the proper execution of this trust including transfer agents, clerical help, attorneys or any other help of any kind or character. They are likewise authorized to pay to themselves not in excess of $6.00 per meeting for all meetings attended by them, but not more than one meeting shall be paid for on any one day, but this limitation of compensation shall not prevent the acceptance by any Trustee of any salary, fee, retainer or remuneration paid him by the Reconstruction Finance Corporation, or any other holder in pledge of assets of the East Tennessee National Bank the equity in which is assigned to the Trustees as compensation for any service rendered outside his duties as a Trustee when such service is not incompatible with his duties as Trustee."

4. As Trustee, Marion O. Cowan was paid currently for his services as such from 1933 through 1943, the sum of $18,252.00.

As Trustee, Victor H. Klein was paid currently for his services as such from 1939 through 1943, the sum of $7,236.00.

The sums so paid to these Trustees currently were computed according to the number of meetings held by the Trustees. These Trustees received compensation at the rate of $6.00 per meeting whether physically present at the meetings or not.

5. The plaintiffs rendered services as Trustees at meetings and at times and places other than meetings; all as contemplated by the contract for the reorganization of the East Tennessee National Bank. The trust created by said contract was terminated in 1943. No services were performed by these Trustees which was not contemplated to be performed by them as such by the plan and agreement.

6. The only compensation to be paid to the Trustees for their services as such was $6.00 per meeting and this compensation was paid in full currently.

7. On July 15, 1943, the United States District Court for the Eastern District of Tennessee determined that Marion O. Cowan and Victor H. Klein were entitled to retain the compensation they had received for meetings of the Trustees at which they were not physically present and in addition awarded to Marion O. Cowan and Victor H. Klein the sums of $24,046.00 and $16,928.00, respectively, as additional compensation for their services as Trustees. These respective sums were paid in the year 1943 to the taxpayers from the assets of the East Tennessee National Bank solely pursuant to the court's order. Except for the court's order there was no prior agreement or legal obligation to pay any additional compensation to the Trustees for their services as such. The additional compensation so paid was not retroactive.

8. The sums received by the taxpayers as additional compensation in the year 1943 exceeds 15 per centum of their gross incomes for that year.

9. Marion O. Cowan and Victor H. Klein filed with the Collector of Internal Revenue, District of Tennessee, joint Federal income tax returns for 1943 with their respective wives, and in said returns the sums received by court order in 1943 were

prorated over the years during which the services so compensated for were performed.

10. On September 4, 1946, the Commissioner of Internal Revenue, at Nashville, Tennessee, mailed to the plaintiffs a notice of deficiency in the amount of Eight Thousand Four Hundred Seventy-nine Dollars and Thirty-seven Cents ($8,479.37) plus interest in the case of Marion O. Cowan and Five Thousand Eight Hundred Fifty-six Dollars and Twenty-five Cents ($5,856.25) plus interest in the case of Victor H. Klein on 1943 income taxes returned and paid. This alleged deficiency was based upon the Commissioner's disallowance of plaintiffs' apportionment of compensation received in 1943 for services performed over the period in which earned.

11. On March 12, 1947, the plaintiffs sent to the Collector of Internal Revenue, at Nashville, Tennessee, a check in full payment of the alleged deficiency plus interest. The duly commissioned, qualified and acting Collector of Internal Revenue for the District of Tennessee, at the time the foregoing payment was made was the defendant in the instant case, Lipe Henslee.

12. On March 20, 1947, plaintiffs duly filed with the Collector of Internal Revenue, District of Tennessee, a claim for refund on Form 843 covering the year 1943, claiming that the sum paid to the Collector had been erroneously and illegally exacted from plaintiffs.

## Conclusions of Law

1. The Court has jurisdiction over the parties and the subject matter of this suit.

■ 2. The compensation received currently by plaintiffs at the rate of $6.00 for each Trustees' meeting attended is not separable from the additional compensation received by plaintiffs in 1943 by decree of the United States District Court for the Eastern District of Tennessee in that both payments were for services as Trustees. The compensation received under the Court decree was less than 80% of the total received as Trustee and the requirement of Section 107(a), 26 U.S.C.A. § 107(a), is not met.

■ 3. The compensation received by plaintiffs by decree of United States District Court for the Eastern District of Tennessee is not back pay within the definition of Section 107(d) (2) (A) (ii) (iv), Int. Rev.Code, 26 U.S.C.A. § 107(d) (2) (A) (ii) (iv), because there was no liability on the part of the employer to pay the plaintiffs any compensation other than the $6.00 per meeting set forth in the Plan and Agreement and no dispute as contemplated by the section pertaining thereto could have existed.

4. The compensation received by plaintiffs is not back pay within the definition of Section 107(d) (2) (B) I.R.C., 26 U.S.C.A. § 107(d) (2) (B). Said sub-section must be read in connection with Regulations 111, Section 29.107-3 which excludes as back pay any compensation for past services where there was no prior agreement or legal obligation to pay such additional compensation. Under the present facts there was no prior agreement to pay additional compensation and as far as this court and the interest of the defendant is concerned, there was no legal obligation on the part of the employer to pay additional compensation.

5. The taxpayers have not carried the burden of proving that they or either of them come within any of the relief provisions of Section 107 of the I.R.C.

6. The right of the plaintiffs to prorate the additional compensation received in 1943 under the decree of the United States District Court for the Eastern District of Tennessee over the term of service of plaintiffs as Trustees is denied.

Judgment will be entered accordingly.