OPINION. Johnson, Judge: Under the view that Langer and Lindsey each received the $10,000 paid in 1944 and that Lindsey received the $11,500 paid in 1945 as back salary attributable to prior years’ services, petitioners claim the benefit of section 107 (d), which provides: (1) In general. — If the amount of the back pay received or accrued by an individual during the taxable year exceeds 15 per centum of the gross income of the individual for such year, the part of the tax attributable to the inclusion of such back pay in gross income for the taxable year shall not be greater than the aggregate of the increases in the taxes which would have resulted from the inclusion of the respective portions of such back pay in gross income for the taxable years to which such portions are respectively attributable, as determined under the regulations prescribed by the Commissioner with the approval of the Secretary. Section 107 (d) (2) define? “back pay” as: * * * (A) remuneration, including wages, salaries * * * received or accrued during the taxable-year by an employee for services performed prior to the taxable year for his employer and which would have been paid prior to the taxable year except for the intervention of one of the following events: (i) bankruptcy or receivership of the employer; (ii) dispute as to the liability * * * ; (iii) if the employer is the United States, a State * * *, lack of funds appropriated to pay such remuneration; or (iv) any other event determined to be similar in nature under regulations prescribed by the Commissioner with the approval of the Secretary; * * * Petitioners contend that the corporation would have paid the salaries in the years when the services were rendered except for the intervention of an event similar in nature to bankruptcy or receivership. They argue that the corporation’s continued operation of the hotel was by Pacific’s suffranee; that if salaries had been paid to the officer-stockholders, that suffrance would have ceased, as Pacific kept close watch over the corporation’s affairs for protection of its loan, even advancing funds needed for taxes. Admitting that no specific agreement forbade the payment of salaries to officers, they assert that any such payment made in the corporation’s precarious financial condition would have invited foreclosure by the creditor. Respondent stresses the absence of any contractual or legal restriction on payment, and argues that a straitened financial condition is not similar in nature to bankruptcy or receivership, and that in any event no salaries were authorized after 1937, and the corporation was under no obligation to pay. The issue raised squarely presents for decision whether or not financial difficulties and a factual (but not a legal) necessity which restricts a corporation’s freedom of action may be deemed an event similar in nature to a receivership under regulations prescribed by the Commissioner. Section 29.107-3, Regulations 111 as amended, which relates to section 107 (d) (2) of the code, adds nothing to the language of the statute in this respect. We agree with petitioners that very cogent circumstances deterred the corporation from paying its officer-shareholders any salary during the period of financial distress. Pacific was in a position to foreclose on the hotel and furnishings at any time. It forebore to do so, and even aided the debtor by paying taxes on the hotel in substantial amounts and agreeing to more favorable loan terms on two occasions. In the words of Pacific’s loan officer, this consideration was shown because he felt “that the properties were being capably and honestly handled,’’ and he expected that Langer and Lindsey “ultimately would work out their difficulties!” We can not believe that he would have felt so if they had increased the corporation’s steady operating losses by annual withdrawals of $14,400 as salaries for themselves. Nonetheless we do not perceive in their voluntary restraint any resemblance to the restriction imposed by a receivership. Financial distress would, normally induce a corporation’s officers to adopt policies more cautious and conservative than those followed under conditions of prosperity, and, by their forebearance to deplete corporate funds by salary payments, petitioners’ officer-shareholders displayed a prudence clearly indicated as necessary by existing circumstances. But the decision was theirs to make, and they made it. Under a receivership the decision would not have been theirs. Although the receiver might well have made the same decision, itt so doing he would have exercised a control conferred on him by law to the exclusion of the corporate officers and legally enforceable without reference to them. It is this legally enforceable control in another that we deem to be the essential characteristic of a bankruptcy or receivership. In Norbert J. Kenny, 4 T. C. 750, the creditor held it to a limited extent by virtue of contract. But here the corporation’s officers were restricted only by the dictates of prudence. We are of opinion that their decision and the corporation’s straitened circumstances were not similar in nature to a receivership within the meaning of section 107 (d) (2), and accordingly hold that the section is here inapplicable. This holding makes it unnecessary to decide whether or not the corporation was under an obligation to pay the salaries in controversy during the preceding years and whether or not the amounts of the payments made in 1944 and 1945 were less than 15 per cent of the recipient’s respective gross incomes for those years. Reviewed by the Court. Decisions will be entered for the respondent.