COWAN et al. v. HENSLEE, Collector of Internal Revenue.

KLEIN et al. v. HENSLEE, Collector of Internal Revenue.

No. 10980.

United States Court of Appeals
Sixth Circuit.

Feb. 17, 1950.

74

M. W. Egerton, Knoxville, Tenn., Wm. W. Davis, Egerton, McAfee, Armistead & Davis, Knoxville, Tenn., on the brief, for appellants.

Morton K. Rothschild, Washington, D. C., Theron Lamar Caudle, Ellis N. Slack, A. F. Prescott, Washington, D. C., Ward Hudgins, A. O. Denning, Nashville, Tenn., on the brief, for appellee.

Before ALLEN, MARTIN and MILLER, Circuit Judges.

PER CURIAM.

These consolidated cases were instituted for the recovery of deficiencies in income tax theretofore paid and alleged to have been illegally collected. The sole question presented is whether the appellants Marion O. Cowan and Victor H. Klein, hereinafter called the taxpayers, who were trustees of an insolvent bank, are entitled to tax reduction under § 107 Int.Rev.Code, as amended, 26 U.S.C.A. § 107, with respect to additional compensation awarded them by the District Court of the Eastern District of Tennessee.

The taxpayers were trustees duly appointed under a plan and agreement for reopening the East Tennessee National Bank of Knoxville, Tennessee. The plan and agreement, adopted December 21, 1933, provided that the trustees should be compensated at the rate of $6.00 per meeting, and such compensation has been paid in the amount of $18,252 to Cowan and $7,236 to Klein. Certain of the trustees made application to the District Court of the Eastern District of Tennessee in written petitions for the allowance of additional compensation for their services "as such Trustees," and the court awarded such additional compensation to Cowan in the sum of $24,046, and to Klein in the sum of $16,928.

In their income tax returns for 1943, made jointly with their respective wives, the taxpayers prorated the additional compensation received under the court order, claiming the tax reduction benefits of § 107, I.R.C., as amended. Deficiencies determined by the Commissioner against each taxpayer were paid, and these actions for refund were instituted.

The principal contention is that the additional compensation was granted for independent employment separate and apart from the taxpayers' duties as trustees under the reorganization plan, and that the provisions of § 107(a) therefore apply. In the alternative it is contended if there was but one employment, that the additional compensation was back pay awarded under the conditions prescribed by § 107(d). If either contention is correct proration is authorized and the deficiencies were illegally collected.

We think the judgment of the District Court must be affirmed. We base this holding not upon the District Court's opinion, but upon its pertinent findings, which are sustained by the undisputed evidence. The additional compensation was granted to the taxpayers, in the words of their petitions, for services "as Trustees," and not for a separate and distinct employment. The services rendered for which the additional compensation was awarded fall within the broad powers given the trustees in the plan and agreement adopted December 21, 1933. Since the services were not separable, the compensation received under the court decree was rightly computed as being less than 80% of the total received by each of the taxpayers as trustee, within the taxable year 1943, and § 107(a) does not apply. The District Court correctly found that there was no prior agreement or liability to pay compensation other than the $6.00 per meeting and no dispute as contemplated by § 107(d) (2). Hence the additional com-

pensation received by the taxpayers does not fall within the definition of back pay in § 107(d) (2).

The judgment of the District Court is affirmed.