ELSIE L. SEDLACK, ET AL.,[1] PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 28090, 28091, 28092. Promulgated November 19, 1951.

---

[1] Proceedings of the following petitioners are consolidated herewith: The Estate of Albert L. Sedlack, Deceased, Elsie L. Sedlack, Administrator; Estate of Albert L. Sedlack, Deceased, Elsie L. Sedlack, Administrator, and Elsie L. Sedlack, Surviving Wife.

*Alexander J. Strom, Esq.*, for the petitioners.
*Paul Levin, Esq.*, for the respondent.

**OPINION.**

BLACK, *Judge:* In this proceeding the issue is raised of whether the petitioners are entitled to treat the additional income of $12,000 in 1945 and $6,000 in 1946, as back pay under section 107 (d), I. R. C., to be allocated to prior years, 1942, 1943, 1944, and 1945.

Petitioners have failed to show that the payments fall within the definition of back pay in section 107 (d) (2). Their only argument is to satisfy subsection A of the statute. Petitioner Elsie L. Sedlack in Docket No. 28090 does not deny that she is liable as transferee for any deficiency in tax which the estate of Albert L. Sedlack may owe for the period January 1, 1946 to November 9, 1946. She does deny and contest the determination of the Commissioner that the estate of Albert L. Sedlack owes any deficiency in income tax for that period.

The applicable statute, printed in the margin,[2] requires that the remuneration "would have been paid prior to the taxable year except for the intervention of one of the following events." The four enumerated events are bankruptcy or receivership, a dispute as to liability, lack of funds appropriated to a governmental agency, or an event similar in nature. The inference is inescapable that there must have been a legal liability which arose in the prior years to which the taxpayer wishes to allocate the salary and then payment was delayed for one of the enumerated reasons.

Payments of $12,000 in 1945 and $6,000 in 1946, were not pursuant to a legal claim or an agreement in the prior years 1942, 1943, or 1944. All earlier salary claims of Sedlack had been settled by two releases and settlements in 1937 and 1943. No release as to legal liability was signed by Sedlack for receipt of the $18,000 above. Originally, the only basis of Sedlack's claim was verbal general assurances in 1933 that when business would improve, his salary would be increased. Though the Company tried unsuccessfully to obtain permission for additional compensation from the Salary Stabilization Unit by adopting Sedlack's argument, the Company did not recognize any legal obligation to Sedlack. No evidence indicates that a liability was recognized on the Company books or in any other way during 1942, 1943, and 1944, the prior years in question.

Where no legal obligations were found to exist in prior years section 107 (d) (2) (A) would not apply. *Cowan* v. *Henslee* (C. A. 6), 180 F. 2d 73, affirming 84 F. Supp. 813; *United States* v. *Borton*, (D. C., N. J.), February 28, 1950. Regulations 111, section 29.107–3, is very specific in saying that "the term 'back pay' does not include * * * additional compensation for past services where there was no prior agreement or legal obligation to pay such additional compensation." We think this regulation is a reasonable one and correctly interprets the law. Moreover the payments in 1945 and 1946 of $18,000 to Sed-

---

[2] INTERNAL REVENUE CODE.

SEC. 107. COMPENSATION FOR SERVICES RENDERED FOR A PERIOD OF THIRTY-SIX MONTHS OR MORE AND BACK PAY.

\* \* \* \* \* \* \*
(d) BACK PAY.—
\* \* \* \* \* \* \*

(2) DEFINITION OF BACK PAY.—For the purposes of this subsection, "back pay" means (A) remuneration, including wages, salaries, retirement pay, and other similar compensation, which is received or accrued during the taxable year by an employee for services performed prior to the taxable year for his employer and which would have been paid prior to the taxable year except for the intervention of one of the following events: (i) bankruptcy or receivership of the employer; (ii) dispute as to the liability of the employer to pay such remuneration, which is determining after the commencement of court proceedings; (iii) if the employer is the United States, a State, a Territory, or any political subdivision thereof, or the District of Columbia, or any agency or instrumentality of any of the foregoing, lack of funds appropriated to pay such remuneration; or (iv) any other event determined to be similar in nature under regulations prescribed by the Commissioner with the approval of the Secretary; and \* \* \*

lack were not to satisfy a legal dispute for the years 1942, 1943, and 1944, within the meaning of section 107 (d) (2) (A) (ii). Merely recognition of prior service alone is not enough since many salary increases would then be included. Furthermore, in addition to a legal obligation, taxpayers who have been successful have proved severe financial problems of their employers during the prior years in question which prevented payment to come within section 107 (d) (2) (A) (iv). *Frederick H. Hagner*, 14 T. C. 643; *Estate of R. L. Langer*, 13 T. C. 419, revd. (C. A. 9) 183 F. 2d 758, under remand 16 T. C. 41; *Norbert J. Kenny*, 4 T. C. 750.

Petitioners have failed to show that during the prior years in questions, 1942, 1943, and 1944, financial problems prevented payment to Sedlack. In fact the evidence available indicates the employer was in a position to make payment in those years. Since the remaining subsections 107 (d) (2) (A) (i) and (iii) are clearly not applicable, none of the required statutory events prevented payment.

Reviewed by the Court.

*Decisions will be entered for the respondent.*