ESTATE OF ALFRED B. THORESON, DECEASED, LILLIAN THORESON, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 35117.    Filed December 10, 1954.

*V. Downing Edwards, Esq.,* for the petitioner.
*Robert R. Veach, Esq.,* for the respondent.

464

466

OPINION.

BRUCE, *Judge:* The issue in this case is whether Alfred B. Thoreson received "back pay" in 1946 from the A. O. Jostad Company which would have been paid in 1932, 1933, 1934, and 1935 except for the intervention of an event similar in nature to bankruptcy or receivership within the meaning of sections 107 (d) (1) and 107 (d) (2) (A) (iv), Internal Revenue Code of 1939.[1]

Petitioner contends that the financial condition of the A. O. Jostad Company in 1932 through 1935 was an event similar to bankruptcy or receivership.

The parties are in agreement and the record clearly shows that the A. O. Jostad Company was not in bankruptcy or receivership, adjudicated or otherwise, during those years. Nor do we think that the company was in a condition similar to bankruptcy or receivership during that period.

Petitioner argues that during each of the years 1932 through 1935 the company did not have sufficient cash on hand to pay officers' salaries and that the depression made it difficult for it to liquidate its inventories and receivables. There is no evidence, however, that the accounts and notes receivable were uncollectible or that it suffered any losses therefrom. We do not think that a low cash balance or slow moving assets alone constitute an event similar to bankruptcy or receivership within the meaning of section 107 (d) (2) (A) (iv). The company at all times had current assets greatly in excess of current liabilities. There is no evidence it had any funded debt or mortgage. There was no deficit. In each of the years 1932, 1933, 1934, and 1935 the company made a profit and at all times it had a

---

[1] SEC. 107. COMPENSATION FOR SERVICES RENDERED FOR A PERIOD OF THIRTY-SIX MONTHS OR MORE AND BACK PAY.

(d) BACK PAY.—

(1) IN GENERAL.—If the amount of the back pay received or accrued by an individual during the taxable year exceeds 15 per centum of the gross income of the individual for such year, the part of the tax attributable to the inclusion of such back pay in gross income for the taxable year shall not be greater than the aggregate of the increases in the taxes which would have resulted from the inclusion of the respective portions of such back pay in gross income for the taxable years to which such portions are respectively attributable, as determined under regulations prescribed by the Commissioner with the approval of the Secretary.

(2) DEFINITION OF BACK PAY.—For the purposes of this subsection, "back pay" means (A) remuneration, including wages, salaries, retirement pay, and other similar compensation, which is received or accrued during the taxable year by an employee for services performed prior to the taxable year for his employer and which would have been paid prior to the taxable year except for the intervention of one of the following events: (i) bankruptcy or receivership of the employer; (ii) dispute as to the liability of the employer to pay such remuneration, which is determined after the commencement of court proceedings; (iii) if the employer is the United States, a State, a Territory, or any political subdivision thereof, or the District of Columbia, or any agency or instrumentality of any of the foregoing, lack of funds appropriated to pay such remuneration, or (iv) any other event determined to be similar in nature, under regulations prescribed by the Commissioner with the approval of the Secretary; * * *

substantial surplus. There was no question of threatened foreclosure as in *Langer's Estate* v. *Commissioner*, 183 F. 2d 758. Neither was the financial condition such as to justify the appointment of a receiver, cf. *Sedlack* v. *Commissioner*, 203 F. 2d 825; nor were there governmental restrictions tantamount to receivership as in *Norbert J. Kenny*, 4 T. C. 750, and *Frederick H. Hagner*, 14 T. C. 643.

Furthermore, the petitioner has failed to show that the $4,800 would have been paid in 1932, 1933, 1934, and 1935 but for the intervention of an event similar to bankruptcy or receivership.

To come within the scope of this section and the regulations [2] there must have been during the years to which the taxpayer seeks to allocate the compensation an agreement or legal obligation to pay the amount received. *Sedlack* v. *Commissioner, supra; Cowan* v. *Henslee*, 180 F. 2d 73; *Francis T. Donahoe*, 22 T. C. 1276.

Petitioner has not shown that any agreement or legal obligation for compensation existed between Alfred B. Thoreson and the A. O. Jostad Company for the years 1932, 1933, 1934, and 1935.

Reviewing the evidence carefully and giving petitioner every reasonable inference, we have been unable to find that the $4,800 received in 1946 by the decedent was "back pay" attributable to the years 1932 through 1935.

There is no mention of officers' salaries in the corporate minutes from the date of the company's incorporation through 1946, except for the meeting of April 25, 1946. There is no proof that officers' salaries were ever paid before 1942. The company was at all times on the accrual method of accounting and at no time between 1930 to 1946, inclusive, did it accrue officers' salaries.

Petitioner has not shown how much time Alfred B. Thoreson or Julius O. Berg spent in the store or whether they worked as officers or regular employees. The company had other employees, as evidenced by the fact that employees' salaries were paid from 1930 through 1946. Petitioner has failed to show the existence of an employer-employee relationship. which is a prerequisite to the application of

---

[2] Regulations 111 (1946 Supplement).

SEC. 29.107–3. BACK PAY ATTRIBUTABLE TO PRIOR TAXABLE YEARS.—

\* \* \* \* \* \* \*

An event will be considered similar in nature to those events specified in section 107 (d) (2) (A) (i) (ii), and (iii) only if the circumstances are unusual, if they are of the type specified therein, if they operate to defer payment of the remuneration for the services performed, and if payment, except for such circumstances, would have been made prior to the taxable year in which received or accrued. For, the purposes of this section the term "back pay" does not include remuneration which is deemed to be constructively received in the taxable year or years in which the services were performed, remuneration paid in the current year in accordance with the usual practice or custom of the employer even though received in respect of services performed in a prior year or years, additional compensation for past services where there was no prior agreement or legal obligation to pay such additional compensation, or any amount which is not includible in gross income under chapter 1.

section 107 (d). *Frank R. Bavis*, 18 T. C. 418, affirmed without discussion on this point 202 F. 2d 843.

Accordingly, we hold that the $4,800 received by Alfred B. Thoreson in 1946 is not "back pay" for the years 1932 through 1935 and is taxable in the year of receipt.

*Decision will be entered for the respondent.*