HAROLD L. WARD AND ESTATE OF VIRGINIA PALMER WARD, DECEASED, HAROLD L. WARD, EXECUTOR, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40129. Filed January 18, 1956.

---

[1] The figures in this paragraph are taken from petitioner's brief.

*Earl Q. Kullman, Esq.*, and *H. Maurice Fridlund, Esq.*, for the petitioners.

*Charles M. Greenspan, Esq.*, for the respondent.

OPINION.

TURNER, *Judge:* Petitioner contends first that the $32,000 in question herein was compensation within the meaning of section 107 (a) of the Internal Revenue Code of 1939, and in the alternative that it was back pay within the meaning of section 107 (d).[4]

---

[4] SEC. 107. COMPENSATION FOR SERVICES RENDERED FOR A PERIOD OF THIRTY-SIX MONTHS OR MORE AND BACK PAY.

(a) PERSONAL SERVICES.—If at least 80 per centum of the total compensation for personal services covering a period of thirty-six calendar months or more (from the beginning to the completion of such services) is received ·or accrued in one taxable year by an individual or a partnership, the tax attributable to any part thereof which is included in the gross income of any individual shall not be greater than the aggregate of the taxes attributable to such part had it been included in the gross income of such individual ratably over that part of the period which precedes the date of such receipt or accrual.

\* \* \* \* \* \* \*

(d) BACK PAY.—

(1) IN GENERAL.—If the amount of the back pay received or accrued by an individual during the taxable year exceeds 15 per centum of the gross income of the individual for such year, the part of the tax attributable to the inclusion of such back pay in gross income for the taxable year shall not be greater than the aggregate of the increases in

It is clear, we think, that it was not compensation within the meaning of section 107 (a). To qualify as compensation under that section "at least 80 per centum of the total compensation for personal services covering a period of thirty-six calendar months or more (from the beginning to the completion of such services)" must have been received or accrued to petitioner in the taxable year. The facts show that petitioner's employment by the company had been continuous from 1937 when the company was formed. For such employment "from the beginning" through 1947 the petitioner was to receive a total of $92,000, only $32,000 of which was received in the taxable year. It is patent, therefore, that section 107 (a) does not apply. See *Cowan* v. *Henslee*, 180 F. 2d 73.

We are also of the view and hold that the said $32,000 was not back pay within the meaning of 107 (d). Under that section compensation payments qualify as back pay provided the compensation received "would have been paid prior to the taxable year except for the intervention" of events specified which include bankruptcy or receivership of the employer; or "any other event determined to be similar in nature under regulations prescribed by the Commissioner with the approval of the Secretary."

It is the claim of the petitioner that the conveyance to the State of California under tax deeds was an event similar in nature to bankruptcy or receivership of his employer. We find it unnecessary, however, to decide that point since on the facts it is clear that payment of the compensation was not made prior to 1949 not because of the holding of the company lands by the State of California under tax deeds, but because the company saw fit to apply or use its earnings and profits for other purposes, including the payment of $180,000 in dividends in 1946, 3 years prior to the taxable year herein. The lands in Del Norte County had been returned to the company clear of tax liens in 1940, the year before the first of the years for which the compensation here claimed as back pay was paid. In short, since 1940 the company had been free to sell or otherwise deal with its properties in Del Norte

the taxes which would have resulted from the inclusion of the respective portions of such back pay in gross income for the taxable years to which such portions are respectively attributable, as determined under regulations prescribed by the Commissioner with the approval of the Secretary.

(2) DEFINITION OF BACK PAY.—For the purposes of this subsection, "back pay" means (A) remuneration, including wages, salaries, retirement pay, and other similar compensation, which is received or accrued during the taxable year by an employee for services performed prior to the taxable year for his employer and which would have been paid prior to the taxable year except for the intervention of one of the following events: (i) bankruptcy or receivership of the employer; (ii) dispute as to liability of the employer to pay such remuneration, which is determined after the commencement of court proceedings; (iii) if the employer is the United States, a State, a Territory, or any political subdivision thereof, or the District of Columbia, or any agency or instrumentality of any of the foregoing, lack of funds appropriated to pay such remuneration; or (iv) any other event determined to be similar in nature under regulations prescribed by the Commissioner with the approval of the Secretary; * * *

County in a perfectly normal manner and it did so deal with them and at a profit. Furthermore, the same had been true of its properties in Humboldt County from and after the decree of the Superior Court of that county filed May 11, 1945. Thus the failure on the part of the company to pay petitioner for the services rendered by him to it for the years 1941 through 1944 prior to 1949 was not due to an event described in section 107 (d) (2) but because the company chose to apply its funds otherwise. And so far as appears, such other use of its funds was with petitioner's consent and approval.

In light of the above, it is accordingly unnecessary to decide whether the holding of petitioner's properties by the State of California under tax deeds was an event falling within the ambit of section 107 (d).

*Decision will be entered for the respondent.*