[Civ. No. 14360.   Second Dist., Div. Two.   Mar. 31, 1944.]

Estate of CLEMENCE KAUFFMAN, Deceased.

Estate of LEON E. KAUFFMAN, Deceased.   LORRAINE K. MEYBERG, Appellant, v. LAZARE M. KAUFF-MAN, as Administrator with the Will Annexed, etc., Respondent.

M. S. Meyberg and Leonard J. Meyberg for Appellant.

O'Melveny & Myers and Pierce Works for Respondent.

MOORE, P. J.—Respondent moves to dismiss the appeal from an order settling certain accounts after hearing on appellant's objections. The primary basis of the motion is the claim that the court had, some two months prior to the entry of the judgment appealed from, made a final order from which the contestant had taken an appeal, thereby conferring jurisdiction upon the Supreme Court.

Respondent is the administrator with will annexed of the respective estates of his parents, Clemence and Leon Kauffman. In due course of administration he filed his first and second accounts in the estate of Clemence and his second and third accounts in the estate of Leon. Appellant, his sister, co-executrix, and co-heir, filed twelve objections to the account in Clemence's estate and sixteen objections to the account in Leon's estate. Following a hearing on the issues created by the accounts and the objections thereto the court signed and the clerk filed a document in words and figures as follows:

"In the Superior Court of the State of California in and for the County of Los Angeles.

In re Estate of Leon E. Kauffman, Deceased. No. 154698—file.

In re Estate of Clemence Kauffman, Deceased. No. ~~182565.~~ Heretofore submitted.

The accounts under consideration are surcharged as follows:

In the sum of $8,094.27 as shown in item 'B' of 'Statement of Contentions of Proponent Lazare M. Kauffman.'

In the sums of $353.55, $149.16, $557.08, $24.40 and $69.42 as shown in item 'H' of said statement.

In the sum of $1,000.00 on account of the Grossman note to Leon E. Kauffman, deceased.

In the sum of $250.00 on account of the Grossman Plymouth automobile.

In the sum of $1,040.00 for proponent's chauffeur Howard Enright.

The item of $5,069.47 (Item 'A'), the court finds, appears in the account, and for that reason objection thereto is disallowed.

No surcharge is involved in the Boswell note which should be retained as an asset of the estate, pending settlement or payment thereof.

The parties agree that the Richards note is twice accounted for. Such finding is made by the court and the proper correction should be made.

As to uncollectible accounts receivable, admitted by both parties to be uncollectible, such should be deleted from the accounts and credit taken therefor. The court agrees with proponent that the Santa Ana Woolen Mills account should be retained as a live item pending final outcome of the reorganization proceedings of that debtor, at which time proper accounting should be had as to that item.

Attorneys fee on account to proponent's attorneys is approved as set forth in the report.

No surcharge is made as to ample salary and bonus payments to Henry Grossman. The evidence was without contradiction that the sums paid represent the reasonable value of services rendered.

No surcharge is allowed as to asserted $52,000 'loss' in 1939, and no action is taken as to the item of 'pricing.' The court is satisfied that the estate has suffered no actual loss on account of these items, and the controversy is at most a difference in bookkeeping and accounting.

The court suggests to the parties the advisability of closing up these estates without delay and thus bringing to a close the acrimonious contentions attendant upon the conduct of the administration of the estates.

As modified by the foregoing, the accounts are allowed, approved and settled.

December 28, 1942.

THOMAS C. GOULD

Judge''

This instrument will hereinafter be referred to as the ''memo.''

Conceiving the quoted instrument to be the court's judgment on the contested accounts, the contestant on February 25, 1943, gave notice of appeal and requested a transcript. Having concluded that the memo had not been intended as the final order settling the accounts, contestant prepared findings and decision and, on March 12, 1943, served them on respondent's counsel. Respondent promptly served notice

of motion to strike the findings proposed by contestant and fixed March 19, 1943 as the date of hearing. His motion was based upon several grounds, including: (1) that the matters are on appeal and the court is therefore without jurisdiction to sign such findings; (2) that an order settling the accounts has already been made; (3) that such findings, conclusions and judgment are unnecessary.

Following a hearing of the motion on April 2, 1943, the following minute entry was made by the clerk:

"Petr's motion to strike proposed findings and judgment denied.

"Decision filed Dec. 28, 1942, is declared to be only a memo of opinion and court orders findings of fact and conclusions of law and judgment to follow in accordance therewith. Objectors agree in open court to dismiss appeal attempted to be taken from said memo of opinion on Dec. 28, 1942, as a premature appeal and a nullity. Court instructs petr. to prepare findings and Judgment."

On April 7, 1943, appellant abandoned her appeal of February 25 as premature.

A hearing on the settlement of the findings prepared by respondent on the court's request was had on May 27, 1943, at which time the following minute entry was made by the clerk:

"Hearing on objections to findings. Counsel for proponent states findings were prepared as courtesy to Court and pursuant to direction of Court as shown on minutes of April 2, 1943, but that proponent respectfully excepts and objects to hearing on or settlement of findings on ground that all accounts involved were settled by order duly entered in these estates on December 28, 1942; that notice of appeal from said order was duly filed by objector on February 25, 1943; that said notice of appeal was duly withdrawn and dismissed by objector on April 7, 1943; and that court order of December 28, 1942, has now become final. Said exceptions and objections, having been duly noticed and overruled, said findings are duly settled, and exception allowed to proponent."

The findings and decision were thereupon filed and the judgment was entered on June 8, 1943.

In support of the instant motion respondent contends: (1) that the instrument filed on December 28, 1942, is a definitive adjudication of the accounts of respondent; (2) that the present appeal is moot and constitutes a "collateral

attack upon the adjudication of December 28, 1942''; (3) that findings on an account are not necessary to a final order; (4) that exceptions to an account do not create issues of fact.

At the hearing on respondent's motion on April 2, 1943, the judge declared and held that the memo was only a memorandum opinion and ordered findings, decision and judgment to follow in accordance therewith. Thereupon appellant withdrew her proposed findings, dismissed her appeal and in compliance with the court's request respondent presented the findings, conclusions and judgment which were signed and filed.

██ The trial court had jurisdiction to deny respondent's motion to strike for the reason that the case was still on its calendar. No final order had been made, as we shall presently show; hence the appeal of February 25 was a nullity. No prejudice could be suffered by respondent on account of the court's denial of his motion or by its requirement that findings and decision be prepared for filing. That which is more conclusive than the declaration of the judge is the absence from the document of those ultimate facts essential to findings as the basis of a final judgment in a civil action. (Prob. Code, § 1230.) The memo herein refers to ''items B and H of proponent's contentions'' and surcharges ''the accounts in the sum of $8,094.27, as shown by item B and in the sums of $353.55,'' etc., as shown by item H, but no person is specified to be surcharged. It says the accounts are surcharged in the sum of $1,000, $250 etc., but it does not make clear who must pay those sums or that anyone is to pay them. The memo approves proponent's attorney's fees but there is no finding as to who was the attorney, what service he performed, or what was its value. Neither does the memo provide for the payment of any sum as counsel fees. In addition, the documents mentioned in the memo are neither attached to it nor described. ██ Failure to describe an instrument referred to in a judgment renders the decree nonenforceable with respect to such instrument. (See *Queen* v. *Queen,* 44 Cal.App.2d 475, 482 [112 P.2d 755].)

██ While the court was obliged to find that service was made of notice of settlement of the accounts (Prob. Code, § 1200), the memo contains no such finding. ██ A finding that due notice had been given became a necessary part of the record to show that jurisdiction had been acquired

to settle the accounts. (*Estate of Isaacs,* 30 Cal. 105.) ▇ The findings and conclusions prepared by respondent and filed fill 13 pages of the transcript and recite that "due notice and special notice" has been given as required by law. (Prob. Code, §§ 1200, 1202.) This is followed by findings on each of all controverted facts, which are set forth with such particularity as to leave no uncertainty as to the court's meaning.

The memo was never entered and consequently was not made a part of the judgment roll. The facts that it was not entered, that the judge intended it merely as an opinion, that he required formal findings, decision, and judgment, are insuperable facts which defeat the contention that the document of December 28th is a final judgment. (*Gullick* v. *Interstate Drilling Co.,* 100 Cal.App. 243, 244 [279 P. 828].) Its function was comparable to that of the usual minute entries made by the clerk to guide in the preparation of a formal order. (See *Estate of Yale,* 208 Cal. 102 [280 P. 358].)

In support of his contention that findings were not necessary respondent cites *Estate of Levinson,* 108 Cal. 450 [41 P. 483, 42 P. 479], and *Estate of McPhee,* 156 Cal. 335 [104 P. 455, Ann.Cas. 1918E 899]. These authorities do not hold that findings may not be required by the court. ▇ In view of the provision of section 1230, Probate Code, requiring conformance with section 632, Code of Civil Procedure, in the trials of issues of fact joined in probate proceedings, we are satisfied that the trial judge exercised a wise discretion in making findings on the unusual and complex issues joined in the instant case. For illustration: It was alleged that respondent had failed to charge himself with $14,936.18 which had been surcharged against him on account of funds wrongfully taken; that he had transferred about $50,000 of estate funds to his Boston corporation; that he had given one Grossman $25,125 out of estate funds; that he had paid his attorney $6,750 without authorization. These and similar accusations created such issues as would take the trial of the accounts in question out of the class of the ordinary settlements of accounts.

The motion to dismiss the appeal is denied.

Wood (W. J.), J., and McComb, J., concurred.

A petition for a rehearing was denied April 20, 1944.