### ROGAN v. FERRY.
### No. 10946.

Circuit Court of Appeals, Ninth Circuit.
April 10, 1946.

Sewall Key, Acting Asst. Atty. Gen., Tax Division, A. F. Prescott, James P. Garland and Spurgeon Avakian, Sp. Assts. to Atty. Gen., and Charles H. Carr, U. S. Atty., and Edward H. Mitchell, Asst. U. S. Atty., both of Los Angeles, Cal., for appellant.

Claude I. Parker, Ralph W. Smith, and John Moore Robinson, all of Los Angeles, Cal., for appellee.

Before DENMAN, STEPHENS, and ORR, Circuit Judges.

ORR, Circuit Judge.

The question presented by this appeal is whether a claim, and additions thereto, filed with the Commissioner of Internal Revenue, asking a refund of certain moneys paid by appellee as estate taxes contained the same grounds as those upon which a judgment in appellee's favor was rendered in the trial court.

We will refer herein to appellant as the Government, to appellee as taxpayer, and to the Commissioner of Internal Revenue as Commissioner.

In presenting a claim for refund to the Commissioner a taxpayer is required by section 3772 [1] to conform to the regulations established by the Secretary of the Treasury.[2]

In the claim presented by taxpayer to the Commissioner she stated the ground for refund to be that but one-half the value of five trusts in question and one-half the value of certain life insurance policies should have been included by the Commissioner for estate tax purposes, whereas the Commissioner had included the entire value. Taxpayer made the following statement in her claim, towit:

"The creation of such trusts effected between the decedent and his wife a property settlement agreement to the effect that each would be vested at the time of the creation of each of said trusts with an undivided one-half (½) interest in the property which comprised the corpus of the trust. In California a husband and wife may make a property settlement agreement. See Section 158, California Civil Code. In California contracts may be either expressed or implied. See Section 1619, California Civil Code. An implied contract is one the existence of the terms of which is manifested by conduct. See Section 1621, California Civil Code.

"That it cannot be doubted that in the instant matter the decedent and his wife by their conduct in placing their property in trust effected a property settlement agreement and that therefore each would be the owner at the time of the creation of such trusts of an undivided one-half (½) interest in the property comprising the corpus of said trusts as hereinbefore stated and that therefore no more than one-half (½) of the value of the corpus of such trusts would be included in the gross estate of the decedent for federal estate tax purposes."

With reference to the insurance policies the claim stated: "The community interest of the decedent's wife should not be included in the valuation of the insurance policies as it was in the deficiency assessment (Lang v. Commissioner, 304 U.S. 264, 58 S.Ct. 880, 82 L.Ed. 1331, 118 A.L.R. 319), and the values claimed in the estate tax return filed are the true values of such insurance policies."

On April 5th, following a tentative unfavorable decision by the Government on her claim, taxpayer filed a protest realleging the contentions presented in her claim and further stating that the insurance premiums were paid from "new style" [3] community

---

[1] Internal Revenue Code: "Sec. 3772. Suits for refund. (a) Limitations. (1) Claim. No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected until a claim for refund or credit has been duly filed with the Commissioner, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." 26 U.S.C.A. Int. Rev.Code, § 3772.

[2] Treasury Regulations 80 (1934 ed.): "Art. 99. Claim for refund.—A claim for refund of estate tax, or for refund of interest or penalties, erroneously or illegally collected should be made on the form prescribed by the Treasury Department (form 843), and should be filed with the collector of internal revenue, although a claim will not be considered defective solely by reason of the fact that it is not made on the form or that it is filed with the Commissioner of Internal Revenue. The claim must set forth in detail and under oath each ground upon which a refund is claimed, and facts sufficient to apprise the Commissioner of the exact basis thereof. Any claim which does not comply with the requirements of the preceding sentence will not be considered for any purpose as a claim for refund. * * *".

[3] California Civil Code, § 161a. "(Interests in community property.) The respective interests of the husband and wife in community property during continuance of the marriage relation are present, existing and equal interests under the management and control of the husband as is provided in sections 172 and 172a of the

income of the taxpayer and her husband and from the separate property of taxpayer and from the separate property of her husband.

On October 18, 1940 the claim for refund was rejected. The reason given by the Commissioner for such rejection was that the insurance premiums were not paid out of community funds and that the trusts were created by taxpayer's husband out of pre-1927 or old style community property; that the rights of the husband in this style (pre-1927) community property were so complete that he must be considered the owner. The rejection further stated "the fact that the wife became a cotrustor is therefore without significance or effect. She contributed nothing of her own and her participation was a mere formality."

On March 5, 1942, taxpayer initiated this suit. An amended complaint was filed to which was attached as Exhibit "F" a copy of the protest filed with the Commissioner. In the pre-trial memorandum filed by the Government in the trial court the Government's contention was stated to be that the Commissioner correctly included the full value of the assets of the gross estate since the properties were owned by taxpayer's husband, being either his separate property or "old style" community property. The pre-trial memorandum then referred to taxpayer's contentions and in reference to the trusts stated:

"Before the Commissioner, plaintiff contended that for tax purposes an undivided half of the properties placed in the trusts was originally owned by her, but never presented to the Commissioner sufficient evidence to establish such fact."

At the trial, taxpayer offered evidence to the effect that she and her husband, immediately prior to their marriage in Ohio in 1906, entered into an oral contract with each other to the effect that they would become financial partners following their marriage and that all their earnings and all property they then had or later acquired would be owned equally and jointly by them and that all losses would be shared equally. The trial court found that said contract had been reaffirmed on their arrival in California in 1909 and continued in effect during the life of taxpayer's husband; that, because of this agreement, taxpayer owned half of all the property given to the five trusts; that half the premiums on all the insurance policies involved here were paid from taxpayer's own funds and that the Government should have included in the gross estate but one-half the value of the five trusts and one-half the value of the life insurance proceeds.

Objection was made by the Government throughout the trial to the admission of evidence regarding the 1906 agreement, urging upon the trial court the contention that the claim for refund was based on different grounds than those relied on by the taxpayer at the trial and further that the grounds for recovery relied on by the taxpayer at the trial had not been presented to the Commissioner for his consideration and, therefore, the Commissioner had never had an opportunity to consider or investigate said claims.

The lower court found that the Commissioner, in rejecting the claim, had fully considered and acted upon the grounds presented at the trial and that the Government was not misled or deceived by taxpayer's position at the trial.

It is the Government's contention here that the claim was based on the ground that the *execution* of the trusts made taxpayer a contributor of one-half of said trust funds, and, on the further ground that she had a vested community property interest in the funds used to pay premiums on the insurance policies, whereas judgment was given on the 1906 agreement which made taxpayer the owner of one-half the trust funds and one-half the insurance policies. Such is the alleged variance which the Government argues requires a reversal in this case.

■ It is of course the law that a suit for refund of taxes must be based on a claim previously filed with the Commissioner,[4] and that the claim must set forth in detail each ground on which a refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof.[5]

■ The finding of the District Court that the Government had fully considered and acted upon all the grounds for refund which taxpayer presented at the trial and that the Government was not misled or

---

Civil Code. This section shall be construed as defining the respective interests and rights of husband and wife in the community property. (Added by Stats. 1927, p. 484.)"

[4] See note 1.

[5] See note 2.

deceived thereby is amply supported by evidence. The claim filed with the Commissioner by taxpayer stated that taxpayer was the owner of one-half the value of the trusts because the creation of those trusts *effected* a property settlement agreement between taxpayer and her husband to the effect that each would be vested, when the trusts were created, with an undivided one-half interest in the property which comprised the corpus of the trust. This ground was supported by the citation of California statutes permitting husband and wife to make express or implied property settlement agreements. The claim further stated that only one-half the value of the assets involved here should be included in the husband's gross estate since taxpayer and her husband each "would be the owner at the time of the creation of such trusts of an undivided one-half interest" in the corpus of the trusts.

With reference to the insurance, the claim stated that the community interest of the taxpayer should not be included in the valuation of the policies, citing Lang v. Commissioner, 304 U.S. 264, 58 S.Ct. 880, 82 L.Ed. 1331, 118 A.L.R. 319. The Lang case holds that only half the value of the proceeds of insurance policies are to be included in the husband's gross estate where the premiums were paid from Washington community property. In her protest, taxpayer alleged as a new contention that the insurance premiums were paid from "new style" California community property, and *her* separate property, and the separate property of her husband. The Government, in its brief in this court, concedes that we are to consider the claim and protests together in determining whether there was a variance between the claim and the judgment.

Taxpayer's ground for a recovery as stated in her claim was that she owned one-half the assets which the Government included in her husband's gross estate. It is true that she did not allege, in her claim, that she owned half these assets *because* she and her husband had an oral agreement made in 1906. She did state that the creation of the trusts *effected* a property settlement agreement she had with her husband,

and at the trial she proved that the property settlement agreement, which the creation of the trusts effected, was the 1906 agreement. In other words she set forth her *ground* of recovery in the claim and supported it with *evidence* of the specific agreement at the trial. This she was permitted to do.

■ The statute and regulations governing claims are devised for the convenience of government officials in passing on claims for refunds and in preparing for trial, and they are not "traps for the unwary." [6]

■ The principal requirement of these regulations and the statute is that the Commissioner be apprised, by means of the claim (which includes any supporting or amending documents such as a protest, affidavits or other supplements), of the exact basis of each ground on which a refund is claimed so that he may investigate the facts relative to these grounds and make his decision accordingly.[7] That the Commissioner was so apprised is clearly apparent from the reasons given by him for rejecting the claim and in the pre-trial memorandum of the Government's counsel, quotations from each being heretofore set forth in this opinion.

In the pre-trial memorandum, in referring to the insurance policies, it is stated that the taxpayer was either unable to or failed to submit *evidence establishing* that these premiums were paid with "new style" community property, *or* funds owned separately by her. This is the exact ground on which taxpayer recovered judgment, towit, ownership of one-half the value of the trusts and one-half of the insurance proceeds. The Commissioner was put on notice by the claim and protest filed by taxpayer that she claimed to own half the property transferred to trusts and half the funds used to pay for the insurance. The requirements of the statute were thereby fulfilled.[8]

■ No variance, fatal or otherwise, existed between the claim presented to the Commissioner by the taxpayer and the judgment rendered in her favor by the trial court.

Affirmed.

---

[6] See Tucker v. Alexander, 275 U.S. 228, 231, 48 S.Ct. 45, 46, 72 L.Ed. 253.

[7] See United States v. Pierotti, 9 Cir., 154 F.2d 758.

[8] See Kales v. United States, 6 Cir., 115 F.2d 497, 500, 501; affirmed 314 U.S. 186, 62 S.Ct. 214, 86 L.Ed. 132.