**FRENCH v. SMYTH et al. (two cases).**

Nos. 6257, 6258.

United States District Court,
N. D. California, N. D.

Oct. 14, 1952.

Chauncey Tramutolo, U. S. Atty., and Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., Paul E. Anderson, Sp. Atty., Bureau of Internal Revenue, San Francisco, Cal., for plaintiff.

Sherwood & Lewis, San Francisco, Cal., for defendants.

LEMMON, District Judge.

Taxation, our Supreme Court has said, is "a subject that is highly specialized and so complex as to be the despair of judges".[1]

The particular feature of tax law to be here considered is the effect of the taxpayers' failure to assert, before the Collector of Internal Revenue, a ground for refund that they now seek to press before this Court. In their claims for refund, filed with the Collector, the taxpayers neglected to invoke the "forgiveness" feature of the Current Tax Payment Act of 1943, 26 U.S.C.A. Int.Rev.Acts, p. 385 et seq.

To err is human, to forgive divine, runs the ancient adage. In the present suit, however, it will be found that because the taxpayers "erred" in their respective refund claims, they cannot be "forgiven" part of their taxes.

**1.** *Statement of the Case*

This cause, on the original complaints, was tried before a jury on September 20 and 21, 1950. The result was a special verdict and a judgment thereon in favor of the defendant Smyth. The plaintiffs' motion for a new trial was granted by this Court on November 22, 1950.

The plaintiffs thereafter filed a motion for leave to file amended complaints and to join as a party defendant Harold A. Berliner, former Collector of Internal Revenue for the First Collection District of California. The defendant Smyth filed a motion for this Court to reconsider its order granting a new trial and to reinstate the jury's verdict. By order entered December 13, 1951, this Court denied the motion of defendant Smyth, and granted the plaintiffs' motion for leave to file amended complaints and to join Berliner as a party defendant.

In their brief, the plaintiffs assert that "The purpose of the amended complaints was to secure recovery of overpayments of income taxes for the year 1943 made by plaintiffs to * * * Berliner which

---

1. Dobson v. Commissioner, 1943, 320 U.S. 489, 498, 64 S.Ct. 239, 245, 88 L.Ed. 248.

overpayments are alleged to be based upon the same ground as the overpayments to defendant * * * Smyth, to wit: the denial to plaintiffs of the relief provided in Section 107(a) [26 U.S.C.A. § 107 (a)]."

The amended complaint of the plaintiff George French, Jr., however, contains the following allegations that do not appear in his original complaint:[2]

"(The) plaintiff in filing his income tax returns for the year 1943 attempted to compute his tax on said two payments (for personal services rendered to the Oranges Bros. Construction Co., Ex. I) received in 1943 in accordance with the provisions of the Internal Revenue Code Sec. 107(a), allocating each payment over the period of service preceding the receipt of such payment which comprised 51 and 55 months, respectively. That said income and victory tax return erroneously reported a total income and victory tax liability for the taxable year of 1943 in the sum of $69,150.12. That in making such computation plaintiff inadvertently and mistakenly omitted to claim forgiveness of 75 per cent of his 1942 income tax liability in accordance with section 6 of the Current Tax Payment Act. That plaintiff's correct total income and victory tax liability for the taxable year of 1943 on all incomes received from his employment by Oranges Brothers Construction Department and from other sources amounted to $49,-538.92. That plaintiff paid to Harold A. Berliner, who was then Collector of Internal Revenue for the First Collection District * * * the tax of $69,150.12 shown on his said income tax return," etc.

The parties have stipulated that these cases are submitted to the Court without a jury for decision upon the evidence introduced at the trial of the actions on September 20 and 21, 1950, together with certain specified documents.

## 2. Questions Presented

The first question presented is whether the plaintiffs are entitled to compute their respective income tax liabilities for the calendar year 1943 in accordance with the relief provisions of Section 107(a) of 26 U.S.C.A. At the previous trial of these actions, the defendants contended that the plaintiff George French, Jr., was a co-partner or a co-adventurer rather than an employee of Oranges Bros. Construction Department. This Court adheres to its previous ruling that French was an employee of the construction company, and that therefore both plaintiffs are entitled to avail themselves of the relief provisions of Section 107(a).

The second question is concerned with whether the plaintiffs are entitled to avail themselves, as against the defendant Berliner, of the "forgiveness" provisions of Section 6 of the Current Tax Payment Act of 1943, 26 U.S.C.A. Internal Revenue Acts, pages 406–411. The defendants contend that the plaintiffs are not entitled to a judgment against the defendant Berliner since the claims for refund did not include the liability now asserted against him.

## 3. The Applicable Statute and Regulations

The applicable statute relating to suits for tax refunds is 26 U.S.C.A. § 3772, which reads in part as follows:

"(a) Limitations

"(1) Claim. No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected until a claim for refund or credit has been duly filed with the Commissioner, according to the provisions of law in that regard, and the regulations of

---

2. Mutatis mutandis, the same is true as to the amended complaint of the plaintiff Mary E. French.

the Secretary established in pursuance thereof."

The administrative rules relating to "claims for refund by taxpayers" are to be found in the Code of Federal Regulations, 1943 Cumulative Supplement, Title 26, pages 6443–6444, as amended in 1944 Supplement, id., pages 1989–1990. Section 29.322–3 of that Code provides that "Claims by the taxpayer for the refunding of taxes, interest, penalties, and additions to tax erroneously or illegally collected shall be made on Form 843," and that:

> "The claim must set forth *in detail* and under oath each *ground* upon which a refund is claimed, and *facts* sufficient to apprise the Commissioner of the *exact basis* thereof * * * A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund." (Emphasis supplied.)

### 4. *The Sole Claims for Refund*

The claims for refund filed by the plaintiffs on December 28, 1948, contained the following allegations, again *mutatis mutandis:*

> "* * * that the assessments of deficiencies on the said return for the calendar year 1943 were, with reference to the report and statement described above and incorporated herein by reference, based on the following errors:
>
> "1) The disallowance of the application of the provisions of section 107, Internal Revenue Code, in limitation of his income and victory tax liability on compensation for services received in 1943 for services during and for a period of more than 36 months, as computed in his said return for 1943;
>
> "2) The computation of his income from services during the years 1942 and 1943 on the theory that, and as if he had been a member of a partnership, Oranges Brothers Construction Division; and
>
> "3) In the alternative to the assignments of error 1) and 2) above, the failure of the said report and statement (of the internal revenue agents)

to allow in the computation of victory tax net income for the year 1943 a deduction for California income taxes on the amounts considered and treated in the said report and statement to be distributive income from the said partnership."

The above constituted the only "assignments of error" contained in the plaintiffs' claims for refund filed with the Collector. There is in those assignments not the slightest intimation, *either of fact or of law,* that the taxpayer was relying upon the "forgiveness" provisions of Section 6 of the Current Tax Payment Act of 1943.

### 5. *Strict Compliance by the Taxpayer With Refund Statutes and Regulations Is Required*

For nearly a century, the Supreme Court has adhered to the rule that statutes authorizing refunds to taxpayers should be strictly construed in favor of the Government. Both the boundaries and the rationale of this doctrine were lucidly stated in Nichols v. United States, 1869, 7 Wall. 122, 74 U.S. 122, 126–127, 19 L.Ed. 125:

> "The immunity of the United States from suit is one of the main elements to be considered in determining the merits of this controversy. Every government has an inherent right to protect itself against suits, and if, in the liberality of legislation, they are permitted, it is only on such terms and conditions as are prescribed by statute. The principle is fundamental, applies to every sovereign power, and but for the protection which it affords, the government would be unable to perform the various duties for which it was created. It would be impossible for it to collect revenue for its support, without infinite embarrassments and delays, if it was subject to civil processes the same as a private person.
>
> "It is not important for the purposes of this suit, to notice any of the Acts of Congress on the subject of payment of the duties on imports, anterior to the Act of Feb. 26, 1845, 5 Stat. at L. 727.

This Act altered the rule previously in force, and required the party of whom duties were claimed, and who denied the right to claim them, to protest 'in writing with a specific statement of the *grounds* of objection.

"Through this law Congress said to the importing merchant, you must pay the duties assessed against you; but as you say they are illegally assessed, if you file a written protest *stating wherein the illegality consists,* you can test' the question of your liability to pay, in a suit against the collector, to be tried in due course of law and, if the courts decide in your favor, the treasury will repay you; but in no other way will the Government be responsible to refund.

"The written protest, signed by the party, *with the definite grounds of objection,* were conditions precedent to the right to sue, and if omitted, all right of action was gone. These conditions were necessary for the protection of the Government, as they informed the officers charged with the collection of the revenue from imports, of the merchants' *reasons* for claiming exemption, and enabled the Treasury Department to judge of their soundness, and to decide on the risk of taking the duties in the face of the objections. There was no hardship in the case, because the law was notice equally to the collector and importer, and was a rule to guide their conduct, in case differences should arise in relation to the laws for the imposition of duties. The allowing a suit at all, was *an act of beneficence* on the part of the Government. As it had confided to the Secretary of the Treasury the power of deciding in the first instance on the amount of duties demandable on any specific importation, so it could have made him the final arbiter in all disputes concerning the same." (Emphasis supplied.)

Coming down to more recent years, we find the foregoing doctrine explicitly and emphatically applied by the Supreme Court in an *income* tax case. In United States v. Felt & Tarrant Co., 1931, 283 U.S. 269, 270, 272–273, 51 S.Ct. 376, 377, 75 L.Ed. 1025, it was "conceded that respondent was entitled to a deduction from gross income * * *, which, if allowed, would result in the refund demanded". "The sole objection * * * urged by the government" was "that the claim for refund filed by petitioner as a prerequisite to suit did not comply" with a statute identical in all material respects with Section 3772(a) (1), supra, and with a Treasury Regulation that was not so exacting as Section 29.322–3, supra.

With such a situation before him, Mr. Justice (later Chief Justice) Stone said:

"The filing of a claim or demand as a prerequisite to a suit to recover taxes paid is a familiar provision of the revenue laws, compliance with which may be insisted upon by the defendant, whether the collector or the United States. (Cases cited.)

"One object of such requirements is to advise the appropriate officials of the demands or claims intended to be asserted, so as to insure an orderly administration of the revenue (case cited), a purpose not accomplished with respect to the present demand by the bare declaration in respondent's claim that it was filed 'to protect all possible legal rights of the taxpayer.' The claim for refund which section 1318 makes prequisite to suit, obviously relates to the claim which may be asserted by the suit. Hence, quite apart from the provisions of the Regulation, the statute is not satisfied by the filing of a paper which gives no notice of the amount or *nature* of the claim for which the suit is brought, and refers to no facts upon which it may be founded.

" * * * But in Tucker v. Alexander [275 U.S. 228, 48 S.Ct. 45, 72 L.Ed. 253] (infra) the right of the government to insist upon compliance with the statutory requirement was emphasized. * * *

"The necessity for filing a claim such as the statute requires is not dispensed

with because the claim may be rejected. It is the rejection which makes the suit necessary. An anticipated rejection of the claim, which the statute contemplates, is not a ground for suspending its operation. *Even though formal, the condition upon which the consent to suit is given is defined by the words of the statute, and 'they mark the conditions of the claimant's right.'* (Case cited.)" (Emphasis supplied.)

In Maas & Waldstein Co. v. United States, 1931, 283 U.S. 583, 588, 589, 51 S.Ct. 606, 607, 75 L.Ed. 1285, the Court said:

"The general purpose of the petitioner's communications to the commissioner was to induce the latter to set on foot an investigation of the company's affairs to the end that, after ascertaining the circumstances and in the exercise of a proper discretion, he might make an assessment duly proportioned to those imposed upon others engaged in like business. There was no challenge of the commissioner's right then to demand payment according to the general rule—no claim that in view of the facts then before him this would amount to an unlawful imposition.

\* \* \* \* \* \*

"We are unable to conclude that the petitioner's action amounted to a precise objection to an unauthorized exaction within the fair intendment of the statute. *Meticulous compliance by the taxpayer with the prescribed conditions must appear before he can recover.* (Case cited.)" (Emphasis supplied.)

In Vica Co. v. Commissioner, 9 Cir., 1947, 159 F.2d 148, 150, certiorari denied, 1947, 331 U.S. 833, 67 S.Ct. 1513, 91 L. Ed. 1847, the late Senior Judge Garrecht said:

"A necessary part of a proper claim for refund is an adequate statement of the contention of the taxpayer of the extent to which the taxpayer bore the burden of the processing tax, together with a statement of facts in support of that contention."

Again, in Rogan v. Ferry, 9 Cir., 1946, 154 F.2d 974, 976, our Court of Appeals thus expressed the rule:

"It is of course the law that a suit for refund of taxes must be based on a claim previously filed with the Commissioner, and that the claim must set forth *in detail each ground* on which a refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." (Emphasis supplied.) [3]

In their briefs, the plaintiffs concede that "compliance with the requirements prescribed by the Regulations in regard to the filing of refund claims is a condition to the plaintiffs' right to maintain a suit for the recovery of taxes", and that "The Commissioner is entitled to be informed of the precise ground or grounds upon which recovery is sought so that he may properly direct his investigation of the sufficiency of the facts". The foregoing concessions are not over-generous on the plaintiffs' part, since they understate, if anything, the Supreme Court's exaction that "Even though formal, the condition upon which the consent to suit is given is defined by the words of the statute, and 'they mark the conditions of the claimant's right.'"

3. See also Cheatham v. U. S., 1876, 92 U.S. 85, 88–89, 23 L.Ed. 561; Taylor v. Secor, 1876, 92 U.S. 575, 613–614, 23 L. Ed. 663; Snyder v. Marks, 1883, 109 U. S. 189, 193–194, 3 S.Ct. 157, 27 L.Ed. 901; Arnson v. Murphy, 1885, 115 U.S. 579, 584–586, 6 S.Ct. 185, 29 L.Ed. 491; Kings County Savings Institution v. Blair, 1886, 116 U.S. 200, 206, 6 S.Ct. 353, 29 L.Ed. 657; Auffmordt v. Hedden, 1890, 137 U.S. 310, 324, 11 S.Ct. 103, 34 L.Ed. 674; Rand v. United States, 1919, 249 U.S. 503, 507–510, 39 S.Ct. 359, 63 L.Ed. 731; Graham v. Du Pont, 1923, 262 U.S. 234, 254–255, 43 S.Ct. 567, 67 L.Ed. 965; Tucker v. Alexander, 1927, 275 U.S. 228, 231, 48 S.Ct. 45, 72 L.Ed. 253; Angelus Milling Co. v. Commissioner, 1945, 325 U.S. 293, 296, 297–299, 65 S.Ct. 1162, 89 L.Ed. 1619; Harvey v. Early, 4 Cir., 1947, 160 F.2d 836, 838; Cherokee Textile Mills v. Commissioner, 6 Cir., 1947, 160 F.2d 685, 688.

Yet at the close of their reply brief, the plaintiffs assert that "even if any doubt existed as to the sufficiency of the refund claims, it should be resolved in favor of the plaintiffs". Not only is this parting statement intrinsically erroneous, but it conflicts with the plaintiffs' earlier concessions to which reference has just been made. Inconsistency in argument usually indicates the weakness of a suitor's position.

6. *The Taxpayer Cannot Urge Before the Court Any Grounds That Were Not Specified in His Claim for a Refund Filed With the Collector*

■ As a corollary of the rule just discussed, it is well settled that the complaining taxpayer is not permitted—absent an amended claim or a waiver by the Government—to urge before the Court any *grounds* for a refund not presented in his original claim filed with the Bureau of Internal Revenue.

In Real Estate-Land Title & Trust Co. v. United States, 309 U.S. 13, 17–18, 60 S.Ct. 371, 373, 84 L.Ed. 542, the petitioner contended that it had abandoned a certain plant and hence was entitled to a deduction for "losses sustained during the taxable year and not compensated for by insurance or otherwise."

Of such a contention, the Court said:

"Whether petitioner has satisfied those requirements we do not decide, for its claim for refund was based exclusively and solely on the ground that it was entitled to an allowance for obsolescence. Hence, in absence of a waiver by the government, Tucker v. Alexander * * * (supra), or a proper amendment, petitioner is precluded in this suit from resting its claim on another ground. (Case cited.)"

In Nemours Corporation v. United States, 3 Cir., 1951, 188 F.2d 745, 750 certiorari denied, 1951, 342 U.S. 834, 72 S.Ct. 50, 96 L.Ed. 631, the Court thus expounded the doctrine:

"The taxpayer stated as its ground for refund Section 26(f) (of the Revenue Act of 1936, as added by Revenue Act 1942, § 501(a) '(3), 26 U.S.C.A. Int.Rev. Acts, page 344) and made its computation accordingly. That does not, under the decisions, give him (sic) a right to claim under some other section. (Cases cited.)

"This is hard law, no doubt. Perhaps it is necessarily strict law in view of the scope of the operations of a fiscal system as large as that of the United States. Whether that is so we are not called upon to say. We apply the rule; we do not make it. It is to be observed that recovery of claims against the Government has always been the subject of a strict compliance requirement. The recovery of claims for tax refunds is but an application of this broad and strict rule."

■ Throughout their briefs, the plaintiffs insist that their "error" was "merely" one of "computation" of the "amount" of the refund claimed. The short answer to this argument is that Professor Einstein himself, unless he had known of the existence of Section 6 of the Current Tax Payment Act of 1943, could not have "computed" the plaintiffs' income tax returns so as to have invoked the "forgiveness" provisions of that statute!

7. *Conclusion*

Accordingly, since the amended complaints assert against the defendant Berliner a "ground upon which a refund is claimed" that was not included in the claim filed with the Collector, the plaintiffs cannot recover any sum against the defendant Berliner.

On the other hand, since the Court finds that the plaintiff George French, Jr., was an employee rather than a co-partner or co-adventurer of Oranges Brothers Construction Department, both plaintiffs are entitled to avail themselves of the relief provisions of Section 107(a), as against the defendant Smyth.

Findings of fact and conclusions of law consistent with the foregoing are to be served and lodged by the plaintiffs.