**KAUFFMAN v. WESTOVER.**

No. 13554.

United States District Court
S. D. California, Central Division.
April 20, 1953.

Brady, Nossaman & Paulston, Los Angeles, Cal., Stanley C. Anderson, Los Angeles, Cal., for plaintiff.

Walter S. Binns, U. S. Atty., E. H. Mitchell and Edward R. McHale, Asst. U. S. Atty., Eugene Harpole, Sp. Atty., Bureau of Internal Revenue, Los Angeles, Cal., for defendant.

HARRISON, District Judge.

The plaintiff seeks to recover an alleged excess in income tax paid for the calendar year 1945. Plaintiff was special adminis- trator and then coexecutor of the estate of Leon E. Kauffman, his father, and while acting in such capacities received fees in the sum of $67,000 as follows:

| Period | | Duties | Amount | Nature |
|---|---|---|---|---|
| 12– 6–35 to | 10–19–36 | Special, Administrator | $22,000.00 | Extraordinary |
| 10–20–36 " | 11–30–38 | Co-executor | $15,000.00 | Extraordinary |
| 11–30–38 ". | 11–30–39 | Co-executor | $10,000.00 | Extraordinary |
| 10–20–36 " | 11–30–39 | Co-executor | $ 2,000.00 | Ordinary |
| 12– 1–39 " | 11–30–45 | Co-executor | $18,000.00 | Extraordinary |

The facts in this case disclose that the plaintiff and his sister were coexecutors and sole beneficiaries of the estate of their fa- ther. Differences arose between them, ap- parently intensified by the activity of the sister's husband.

Each time an allowance of fees was granted to plaintiff an equal amount was granted to his coexecutor. The $18,000 involved in this litigation is the result of a compromise whereby each applied for and received extraordinary fees in equal and agreed amounts.

Upon the death of the father the estate was vested in the plaintiff and his sister, subject to the administration of the estate. When the instant fees were paid the corpus of the estate was diminished in an equal amount. By their acts the coexecutors were changing a portion of the estate from capital into income. The allowance of these fees was in effect a partial distribution. Inasmuch as the amount of fees was not agreed upon until 1945, it can hardly be claimed that these fees can be treated as income earned prior to the compromise and prior to their allowance by the court. Whether or not this allowance of fees was in fact income in the years of receipt is immaterial to this opinion. The plaintiff treats the allowances as income at his own election.

Plaintiff, in his 1945 income tax return, computed the tax attributable to the $18,000 extraordinary fee received in 1945 pursuant to 26 U.S.C.A. § 107(a). For spreadback under Section 107(a) at least 80% of the total compensation for personal services covering a period of thirty-six calendar months or more must be received or accrued in one taxable year. The tax attributable to such compensation is not greater than the aggregate of the taxes attributable to such compensation were it included in gross income ratably over that part of the period which precedes the date of receipt or ac- crual.

Upon audit Section 107(a) was held in- applicable and a deficiency was assessed in the amount of $3,516.42, on the ground that the compensation received in 1945 was less than 80% of the total compensation from the beginning of the services in 1935 to their completion in 1945. Plaintiff paid this deficiency plus interest and filed with the defendant a claim for refund on the ground that Section 107(a) was applicable, on the theory that the commission received in 1945 was one hundred per cent of the total com- pensation for services rendered as coexecu- tor between December 1, 1939 and Novem- ber 30, 1945. The claim for refund was disallowed in full.

Plaintiff then brought the present suit for refund, alleging in his amended com- plaint a new ground for refund based on 26 U.S.C.A. § 107(d), as well as alleging error of the Commissioner in rejecting his claim for refund under Section 107(a). Section 107(d) allows spreadback if the amount of back pay received or accrued by an individual during the taxable year exceeds 15% of the gross income of the individual for such year. The tax at- tributable to the inclusion of such back pay in gross income for the taxable year is not greater than the aggregate of the increases in taxes which would result from the in- clusion of the respective portions of such back pay in gross income for the taxable years to which such portions are attribu- table.

Back pay is defined in Section 107(d) (2) as: "(A) remuneration, including wages, salaries, retirement pay, and other similar compensation, which is received or accrued during the taxable year by an employee for services performed prior to the taxable year for his employer and which would have been paid prior to the taxable year except for the intervention of one of the following events; (i) bankruptcy or receivership of the employer; (ii) dispute as to the liability of the employer to pay such remuneration, which is determined after the commencement of court proceedings; (iii) if the employer is the United States, a State, a Territory, or any political subdivision thereof, or the District of Columbia, or any agency or instrumentality of any of the foregoing, lack of funds appropriated to pay such remuneration; or (iv) any other event determined to be similar in nature under regulations prescribed by the Commissioner with the approval of the Secretary * * ."

The claim under Section 107(d) is based on the theory that plaintiff would have been paid by the estate prior to 1945 for the services rendered between December 1, 1939 and November 30, 1945. except for the intervention of unusual circumstances and events similar in nature to that specified in Section 107(d) (2) (A) (ii), which operated to defer payment of the $18,000 in extraordinary commissions until 1945. This new theory for recovery is based on 26 U.S.C.A. § 107(d) (2) (A) (iv) and Treasury Regulations 111, Section 29.107–3(b). The regulation provides in subsection (b) that: "An event will be considered similar in nature to those events specified in Section 107 (d) (2) (A) (i), (ii) and (iii) only if the circumstances are unusual, if they are of the type specified therein, if they operate to defer payment of the remuneration for the services performed and if payment, except for such circumstances, would have been made prior to the taxable year in which received or accrued."

The intervening event which served to defer compensation in this case was a prolonged, bitter and variously litigated controversy between plaintiff and his sister and brother-in-law incident to the administration of the father's estate. This con-troversy is partially described in documents in the probate proceedings, and in the following cases: Meyberg v. Superior Court, 1942, 19 Cal.2d 336, 121 P.2d 685; Kauffman v. Meyberg, 1943, 59 Cal.App.2d 730, 140 P.2d 210; In re Kauffman's Estate, 1944, 63 Cal.App.2d 655, 147 P.2d 11; Kauffman's Estate v. Kauffman's Estate, 1944, 66 Cal.App.2d 920, 153 P.2d 373.

### Applicability of Section 107(a)

As a first ground for refund plaintiff submits that Section 107(a) is applicable, the $18,000 in compensation received in 1945 being over 80% (in fact one hundred per cent) of the total compensation for services rendered over a period greater than thirty-six months (December 1, 1939 to November 30, 1945). Consequently, plaintiff maintains that he has the right to spread the $18,000 of income received in 1945 ratably over the period in which it was earned ($3,000 per year for six years).

The critical words of Section 107(a) in this case are "total compensation". Lump compensation may be spread back only if it is 80% or more of the total compensation. The defendant maintains, and rightly, that the total compensation here is all of the compensation plaintiff received for services to the estate, and not just the one aliquot of compensation received in 1945, although the probate court order allowing the fees stated that the compensation received in 1945 was for services rendered from December 1, 1939 to November 30, 1945.

It does not seem that allowances on extraordinary fees are final and binding on the probate court in California. When a probate judge fixes extraordinary fees it is proper to consider the fees previously awarded. In re Pomin's Estate, 1939, 33 Cal.App.2d 544, 92 P.2d 479. See also In re Fulton's Estate, 1937, 23 Cal. App.2d 563, 73 P.2d 664, 666, and Rosalyne A. Lesser, 1952, 17 T.C. 1479. Therefore, although a probate court may, prior to a final accounting, designate a fee as compensation for services rendered over a certain period, an executor's or administrator's compensation is for the total of his services to the estate, and any compen-

sation granted before the final accounting is merely an advance allowance or "on account of" the full fees allowable, which can be determined only at the final accounting. It follows then that the extraordinary fees received prior to 1945 were taken into account when the probate court made its determination of the amount of the advance allowance of 1945. Consequently, the "total compensation" here is the total of the fees received by plaintiff for his services to the estate. The $18,000 received in 1945 is less than 80% of this total compensation and therefore Section 107(a) is inapplicable.

■ Even if it is assumed that the allowance of $18,000 in 1945 was compensation only for the period stated in the order of allowance, Section 107(a) is still inapplicable. A period of services under Section 107(a) may not be carved out of the total period for performance of the services by the simple expedient of rendering an account covering such aliquot period. Alfred J. Loew, 1952, 17 T.C. 1347, affirmed per curiam, 1953, 2 Cir., 201 F.2d 368. The concept of unseverability of services homogeneous in nature is a common thread running through the cases of Ralph E. Lum, 1949, 12 T.C. 375; Rosalyne A. Lesser, 1952, 17 T.C. 1479, and James D. Moore, Par. 49,066 P–H TC Memo. (1949), all closely in point.

Right to Relief Under Section 107(d)

The claim for refund on the basis of 26 U.S.C.A. § 107(a) does not support an action based on Section 107(d) of that Title. See French v. Smyth, D.C.N.D.Cal.1952, 110 F.Supp. 795, for an able exposition of the reasons for and the policy underlying the requirement of a prior claim as a prerequisite to a suit for refund. Plaintiff's claim for refund, based as it was on Section 107(a), was not sufficient to apprise the Commissioner of facts sufficient to support its present claim under Section 107(d). The new claim under Section 107(d) is based on the theory that the dispute of plaintiff with the coexecutor and her husband is an event similar in nature to a dispute as to the liability of an employer to pay remuneration, which is determined after the commencement of court pro-

ceedings. This new claim is materially different from the claim under Section 107 (a), an element of the new claim being a dispute with an employer. Furthermore, the spreadback formula is different in the two subsections, although the result may be the same in an individual case. The spreadback under Section 107(a) is ratable, whereas that under Section 107(d) is an allocation of back pay to the years in which earned.

■■ Because of these material differences, the claim under Section 107(a) did not apprise the Commissioner of facts sufficient to support the action under Section 107(d). The taxpayer cannot advance one ground for refund in his claim to the Commissioner and another in his complaint to the District Court. United States v. Felt & Tarrant Co., 1931, 283 U.S. 269, 272, 51 S.Ct. 376, 75 L.Ed. 1025; Real Estate-Land Title & Trust Co. v. United States, 1940, 309 U.S. 13, 60 S.Ct. 371, 84 L.Ed. 542; B. F. Goodrich Co. v. United States, 9 Cir., 1943, 135 F.2d 456; Rogan v. Ferry, 9 Cir., 1946, 154 F.2d 974. The rights plaintiff may have had under Section 107(d) have therefore been waived.

■ Regardless of whether or not there has been a waiver of plaintiff's rights under Section 107(d), plaintiff has not shown that the section applies in his situation. The compensation for services rendered by the coexecutors during the period in question was determined by compromise only shortly before the 1945 accounting, so there was manifestly no dispute with the estate as to fees. Extra compensation being in the discretion of the probate court, In re Pomin's Estate, 1939, 33 Cal.App.2d 544, 92 P.2d 479, there can be no liability to pay extra compensation until after exercise of such discretion, and accordingly no real dispute as to liability. Where trustees were granted a petition for extraordinary fees in addition to ordinary fees, it was held that there was no agreement as to additional fees and therefore the award was not back pay within the meaning of Section 107(d) (2). Cowan v. Henslee, 6 Cir., 1950, 180 F.2d 73, affirming D.C.M.D.Tenn.1949, 84 F.Supp. 813. In addition the dispute was between plain-

tiff and his sister, the coexecutor, not between plaintiff and the estate, which latter might perhaps be considered to be an employer under Section 107(d).

The circumstances in this case do not constitute an event similar to a dispute between an employer and employee as to liability to pay the remuneration in question. The discussion in Smart v. Commissioner, 2 Cir., 1945, 152 F.2d 333, at page 335, of the limited applicability of Section 107(a) is, in the view of this court, likewise applicable to Section 107(d). In neither Section 107 (a) nor 107(d) does this court perceive any broad purpose which it should ramify as the occasion may demand.

Defendant is entitled to a judgment of dismissal. Defendant is directed to submit proposed findings and judgment within ten days from date hereof.