Herbert P. WEINMANN, Plaintiff,

v.

UNITED STATES of America,
Defendant.

United States District Court
S. D. New York.

Aug. 10, 1959.

Reiner & Orens, by Lincoln Orens, New York City, for plaintiff.

Arthur H. Christy, U. S. Atty. for Southern Dist. of N. Y., Robt. L. Tofel, Asst. U. S. Atty., New York City, for defendant.

NOONAN, District Judge.

On March 3, 1959, at the conclusion of the plaintiff's case, I granted the defendant's motion to dismiss the complaint. The plaintiff now moves for re-argument.

The pertinent facts of this case are as follows:

In April 1937, the plaintiff's father, Dr. Ing Edmund Weinmann, died. At his death he owned the Weinmann works which consisted of a glass factory, a zinc factory and a power plant. He also had vast stockholdings in Bruexer Bergbau, a mining corporation and in the Bohemian Union Bank.

By a decree of a Czechoslovakian court the plaintiff herein, Herbert P. Weinmann, inherited ⅓ interest in the "works" and ¼ interest in the stockholdings. The plaintiff has evaluated his holding at $313,728.32.

Upon the father's death, and the transfer of the property, the three Weinmann brothers continued to operate the plant as a partnership. In 1939, however, with the threat of a German invasion, the plaintiff herein, who is of Jewish descent, fled his country. In March 1939 the Germans did in fact invade Czechoslovakia and on November 2, 1942, the plaintiff's property was confiscated.

The plaintiff established a residence in the United States and filed an income tax return for the period from May 12, 1941, his date of entry to December 31, 1941. The plaintiff paid a tax of about $11,154.18.

By the Revenue Act of 1942 (26 U.S. C.A. § 127) property located in any enemy controlled area was deemed confiscated and a deduction was allowed under this war loss provision. The plaintiff accordingly filed a claim for a refund of his 1941 tax and when this claim was allowed his entire tax payment for 1941 was refunded to him.

The German Army withdrew from Czechoslovakia in May 1945. In October 1945, however, the plaintiff's property was nationalized.

In 1949 the plaintiff, contending that he had effectively resumed control over his property, between May and October 1945, filed a claim for refund of his 1945 taxes. He predicated his right to this refund on the following alternative legal theories:

1. Loss under Sec. 23(e) (3), 26 U.S. C.A. § 23(e) (3), or

2. Loss by involuntary conversion.

The Commissioner disallowed this claim and as a result this action was instituted.

The trial of this action commenced before me on February 18, 1959 and at the conclusion of the plaintiff's case the defendant moved for the dismissal of the complaint on the following grounds:

1. The plaintiff had failed to make out a prima facie case.

2. The plaintiff is limited by his claim for a refund and that under Sec. 23(e) (3) as a matter of law he cannot recover.

3. The plaintiff had failed to show that he held the property in his trade or business and thus Sec. 23(e) (1) was inapplicable.

On March 3, 1959, acting only upon the second phase of the defendant's motion, I dismissed the complaint upon the following grounds:

"It would appear that the principal question which must be decided first is whether the Government's contention that the plaintiff is strictly limited to offering proof under the Section stated in its claim for a re-

fund is valid. The case of French v. Smyth [D.C.], 110 F.Supp. 795, affirmed [French v. Berliner, 9 Cir.], 218 F.2d 351, is quite explicit in stating that the claimant must strictly adhere to the grounds alleged in the claim for refund. The court cites numerous authorities supporting that position.

"The case of Kauffman v. Westover [D.C.], 111 F.Supp. 752 is also in point. In this case the court held on page 755 that 'the claim for refund on the basis of 26 U.S.C.A. Sec. 107(a) does not support an action based on Sec. 107(d) of that title.' This case also cites the French case as an authority for this point.

"The case of Rogan v. Ferry [9 Cir.], 154 F.2d 974, is likewise an authority for this position. The court stated on page 976: '* * * and the claim must set forth in detail each ground on which a refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof.'

"While it might be contended that the plaintiff has come within the meaning of this section by listing Sec. 23(e) (3) and offering proof under Sec. 23(e) (1), I cannot so hold. While the Commissioner would be apprised by the claim for refund that the property which was the subject of this claim has been confiscated, he would not be apprised that the plaintiff would allege that he was holding this property in his trade or business.

"See also Daley v. United States [9 Cir.] 243 F.2d 466, certiorari denied 355 U.S. 832 [78 S.Ct. 46, 2 L. Ed.2d 44].

"Based on these authorities, we hold that the Government's motion must be granted and the plaintiff's complaint dismissed.

"While the courts have recognized that this is a harsh rule, it is a justified one since the Government as a sovereign has consented to be sued, and therefore may state the manner in which the suit must be brought.

"Ruling as we do on this, the Government's second motion, it is not necessary for us to consider the other motions made at the conclusion of the plaintiff's case by the defendant.

"It is so ordered this 3rd day of March, 1959, and, of course, Mr. Orens has an exception to the ruling by the Court."

By notice of motion returnable the 24th day of March 1959, the plaintiff moved for reargument and by cross motion the defendant moved for reargument on my refusal to rule on the defendant's motion to dismiss for failure to make out a prima facie case.

The plaintiff's motion for leave to reargue is granted and upon reargument I adhere to my original decision.

While the plaintiff's attorney has submitted learned memoranda in support of his application he has failed to convince me that my decision was erroneous.

■ The plaintiff in his claim for a refund of his 1945 tax listed the alternative theories he believed entitled him to a refund. It is clear that upon trial he is limited to offering proof under these sections. Accordingly, I must dismiss the complaint for the law is clear that a recovery cannot be had under the factual situation of this case.

The defendant has also moved for reargument of its motion to dismiss for failure to make out a prima facie case. Upon reargument I grant this motion.

■ The plaintiff had the burden of proving that he had effectively resumed possession of the property in Czechoslovakia. Kenmore v. Commissioner of Internal Revenue, 18 T.C. 754, affirmed, 2 Cir., 205 F.2d 90.

■ The plaintiff attempted to show that possession had been taken in his behalf by one Stejskal. After once more studying the record I am convinced that

if Stejskal did in fact take charge of the plant, there is no proof that he acted on behalf of the plaintiff.

Accordingly, the complaint is dismissed for the reasons set forth in my decision of March 3, 1959, and on the additional ground that plaintiff has failed to prove a prima facie case.

So ordered.