**SOVIK et al. v. SHAUGHNESSY.**

**SMITH v. SHAUGHNESSY.**

Nos. 16, 17, Dockets 22037, 22038.

United States Court of Appeals
Second Circuit.

Argued Oct. 9, 1951.

Decided Oct. 23, 1951.

Smith & Sovik and Martin F. Kendrick, Syracuse, N. Y., for appellants.

Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, A. F. Prescott, Frederic G. Rita, Sp. Assts. to Atty. Gen., and Edmund Port, U. S. Atty., Syracuse, N. Y., for Frank J. Shaughnessy, Collector of Internal Revenue, appellee.

Before AUGUSTUS N. HAND, CHASE and WOODBURY, Circuit Judges.

PER CURIAM.

These cases were reargued in the District Court to afford the plaintiffs the opportunity to raise the question as to the applicability of Section 107(a) of the Revenue Code. As a result of the reargument the original decision was adhered to and the complaints were dismissed.

The taxpayers were each special partners in a law firm which represented the executors of the Estate of Daniel M. Edwards, deceased, from May 27, 1929, to June 13, 1932. As such special partners they had no interest in any accounts receivable or other assets of the firm at any time. Their interest was confined solely to a weekly cash payment for services plus an annual percentage of the net cash income of the firm. In June, 1932 the firm was dissolved owing to the bankruptcy of one of

the partners. The same parties immediately organized a second firm in which the taxpayers had the same interest as above mentioned. The second firm continued from June 13, 1932 to November 16, 1934, when it was dissolved because of the death of one of the partners. On January 2, 1935, a third firm was formed in which the taxpayers became general partners and owners of a percentage interest in the assets thereof. The claim held by the first firm against the Edwards estate was sold at public auction, along with the other assets of the firm, on June 27, 1935 and was purchased by the third firm. In 1937, the third firm and the executors of the Edwards estate by agreement fixed the amount of the claim at $100,000, to be paid within ten years. On December 30, 1943, the executors paid the sum of $100,000 to the third firm. By reason of this payment the plaintiffs, who were general partners of the third firm, obtained interests in the sum so paid. They claim that these interests represented payment for services rendered by them as members of the first firm. It is clear, however, that as members of the first firm they were not to be paid anything for these services but only had a 2% interest as special partners in the net earnings of the firm. They make the further contention that as purchasers of the claim they became entitled to the benefits of Section 107(a) when the payment was made by the estate to the third firm of which they were partners.

Plaintiffs rely on the cases of Marshall v. Commissioner, 3 Cir., 185 F.2d 674; Enerson v. Commissioner, 9 Cir., 187 F.2d 233; and Nielson v. Commissioner, 9 Cir., 187 F.2d 233, as supporting this construction of the statute. However, these cases hold only that under the 1942 Amendment of Section 107(a), a taxpayer need not be a member of a partnership at the time the partnership commenced the rendering of the services for which the income was paid. Here, the third firm acquired the claim by purchase and did not itself perform any of the services represented by the claim. The 1942 Amendment did not dispense with the requirement that the partnership, through which the taxpayer received his income,

must have performed the services for which the income is paid. It seems clear that a mere purchaser of a claim is not entitled to the benefits of Section 107(a).

For the foregoing reasons the judgments of the court below are affirmed.