**WARDALL v. UNITED STATES.**
No. 49700.

United States Court of Claims
May 5, 1953.

Bernard J. Long, Washington, D. C., for plaintiff. Norman D. Cann, Washington, D. C., was on the briefs.

Joseph H. Sheppard, Washington, D. C., with whom was Charles S. Lyon, Asst. Atty. Gen., for defendant. Andrew D. Sharpe, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

MADDEN, Judge.

In 1938 the plaintiff was appointed by the District Court of the United States for the Southern District of New York as trustee of the assets of McKesson and Robbins, Inc., in a reorganization proceeding. In 1939 the plaintiff petitioned the court for authority to make quarterly payments to himself for his services. The court authorized only interim or tentative payments of $10,000 per quarter of a year, which should be partial payments on account of whatever sum would be finally allowed the plaintiff as his compensation as trustee. The plaintiff paid himself $40,000 in 1939, $40,000 in 1940, and $20,000 in 1941, under this authority.

On November 6, 1941 the court decreed that the sum of $200,000 was the reasonable compensation for all of the plaintiff's services as trustee, and ordered the corporation to pay the plaintiff $100,000, the unpaid balance of the $200,000. The plaintiff included the $100,000 in his income in his tax return for the year 1941 and paid the appropriate tax. He filed a timely claim for the refund of a portion of the tax on the ground that $67,058.82 of the $100,000 payment received by him in 1941 represented compensation for services rendered by him in the years 1938, 1939 and 1940, and that he was entitled to treat this money as "back pay" under the provisions of Section 107(d) of the Internal Revenue Code, 26 U.S.C.A. § 107(d), and attribute it to the years in which the services were rendered. The Commissioner of Internal Revenue rejected the plaintiff's claim on the ground that Section 107(d) was not applicable.

Section 107(d), in paragraph (1) says that if one receives "back pay" in a given year in an amount greater than 15 percent of his income for that year, his taxes shall not be greater than they would have been if the back pay had been received by him in the years to which the pay is attributable.

In paragraph (2) it says, so far as here pertinent:

"For the purposes of this subsection, 'back pay' means (A) remuneration, including wages, salaries, retirement pay, and other similar compensation, which is received or accrued during the taxable year by an employee for services performed prior to the taxable year for his employer and which would have been paid prior to the taxable year except for the intervention of one of the following events; (i) bankruptcy or receivership of the employer; (ii) dispute as to the liability of the employer to pay such remuneration, which is determined after the commencement of court proceedings; (iii) if the employer is the United States, a State, a Territory, or any political subdivision thereof, or the District of Columbia, or any agency or instrumentality of any of the foregoing, lack of funds appropriated to pay such remuneration; or (iv) any other event determined to be similar in nature under regulations prescribed by the Commissioner with the approval of the Secretary; * * *."

The plaintiff bases his claim on provision (iv) of the quoted statute. That provision imposes on one who must interpret it the difficult task of deciding whether the situation at hand is as similar to the specific situations recited in the preceding parts of

the statute as the lawmakers would have wanted it to be in order to receive the same treatment, degrees of similarity being, of course, numerous. Provision (iv) authorizes the Commissioner of Internal Revenue to promulgate regulations.

Regulations 111, Section 29.107–3 provide:

"An event will be considered similar in nature to those events specified in section 107 (d)(2)(A)(i)(ii)(iii) only if the circumstances are unusual, if they are of the type specified and if they operate to defer payment of the remuneration of the services performed and if payment, except for such circumstances, would have been made prior to the taxable year in which received or accrued."

It is not surprising that the Regulations are not very helpful.

 The plaintiff says that a reorganization under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., is comparable to bankruptcy or receivership, expressly mentioned in the statute, and that the deferment of his compensation was comparable to the deferment of compensation of employees of an employer who is in bankruptcy or receivership. There is nothing in the stipulation of facts to indicate that the plaintiff's compensation was deferred because of a possible insufficiency of assets to pay it. Rather, he was to be awarded a lump sum for the entire job, which it would take him some years to do, and the judge would determine at the end of the job how much it had, as a whole, been worth. If one works under an agreement that he is to be paid a specified sum, or a *quantum meruit* upon the completion of the job, the fact that he gets all of his pay in one year, though he has worked in another or other years, does not make his compensation "back pay" within the meaning of Section 107(d). And if in the meantime he has had a drawing account, the amount drawn to be deducted from his ultimate pay, that has no tendency to make "back pay" of what he finally receives.

 The Chapter X proceedings had no bearing upon the plaintiff's employment, except to furnish the occasion for it. His pay was not *deferred* because the company was in reorganization, it was *earned* because the company was in reorganization. It was deferred because the judge, and, we suppose, judges generally in similar situations, do not put their final valuation upon the services of the trustee until the task has been satisfactorily completed. In the Conference Committee Report on the Revenue Act of 1943, which Act added Section 107(d) to the Code, H. Conference Rep.No. 1079, 78th Cong., 2d Sess., pp. 44–45 (1944 Cum.Bull. 1059, 1062–1063) appears this language:

"Remuneration for personal services, including pensions, retirement pay, bonuses, or commissions, which are paid in the current year in accordance with the usual practice or custom of the employer, are not 'back pay', even though such amounts are received in respect of services performed in a prior year (or prior years). The term refers only to remuneration, the payment of which has been deferred by reason of the unusual circumstances of the type specified in the definition."

We do not find that the plaintiff's situation is similar to those particularly described in the statute to a degree which brings it within the reason and the equity of the statute.

The plaintiff cites Langer's Estate v. Commissioner, 9 Cir., 183 F.2d 758 where the court held that the deferment of the payment of a salary because of the poor financial condition of the employer created a situation "similar" to those expressly defined in the statute. He cites Frederick H. Hagner, 14 T.C. 643, Norbert J. Kenny, 4 T.C. 750 and James N. Dean, 10 T.C. 672. In each of these cases the payment of the salary currently was prevented by some controlling legal or administrative restriction, and the court held that the de-

ferment resulted from causes "similar" to those expressly defined in the statute.

None of these cases, it seems to us, went so far in finding similarity as we would have to go to approve the plaintiff's contention in this case.

The petition will be dismissed.

It is so ordered.

JONES, Chief Judge, and HOWELL, WHITAKER and LITTLETON, Judges, concur.