### VAN HOOK v. UNITED STATES.
### No. 10784.

United States Court of Appeals
Seventh Circuit.
May 13, 1953.

See also, 108 F.Supp. 32.

Otto Kerner, Jr., U. S. Atty., H. Brian Holland, Asst. Atty. Gen., Joseph F. Goetten, Ellis N. Slack, Hilbert P. Zarky, Sp. Assts. to Atty. Gen., for appellant.

Hubert Van Hook, Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and DUFFY and LINDLEY, Circuit Judges.

DUFFY, Circuit Judge.

Taxpayer asserts an overpayment of personal income taxes for the year 1946. After filing a timely claim for refund, which was denied, he brought this action pursuant to 28 U.S.C.A. § 1346(a)(1). The district court found for the taxpayer, and entered judgment for $3,410.34.

Taxpayer is one of several attorneys who share a suite of offices in Chicago, Illinois. While they share office expenses, they do not share income unless they agree to work together on a particular case. In 1941 Thomas C. McConnell, an attorney, commenced work on a case which was subsequently litigated as Bigelow v. R.K.O. Radio Pictures. He was employed on a contingent fee basis. In July, 1943, McConnell moved into the offices occupied by taxpayer and three other attorneys. In 1945 he obtained a favorable judgment for his clients in the district court. The defendants appealed the case to this court. Up to this point, covering a period of about four years, McConnell had worked alone on the case, but in February, 1945, after the appeal to this court had been filed, he requested taxpayer to join him in conducting the litigation. It was understood that taxpayer would share in the fee only if the final outcome of the case was favorable to the plaintiffs. There was, however, no express agreement as to the manner or extent to which they would share the fee, this being left "to be fixed by mutual agreement." The judgment of the district court was reversed in this court and thereafter taxpayer continued to perform services during the time the case was before the United States Supreme Court. 327 U.S. 251, 66 S.Ct. 574, 90 L.Ed. 652. In 1946 the litigation terminated favorably to plaintiffs, and taxpayer did not render any legal services after February of that year.

A legal fee of approximately $120,000 was paid by the plaintiffs, McConnell receiving slightly more than $100,000 and the taxpayer $20,000.

In his income tax return for the year 1946 taxpayer reported the $20,000 fee as though it were received in connection with services rendered over a period of 53 months. Although it is without dispute that taxpayer's services actually extended only over a 13 month period, he claims that under section 107(a), Internal Revenue Code, his fee may be spread over the entire 53 month period that Attorney McConnell was working on the case.

Section 107(a) of the Internal Revenue Code, 26 U.S.C.A., provides, "If at least 80 per centum of the total compensation for personal services covering a period of thirty-six calendar months or more (from the beginning to the completion of such services) is received or accrued in one taxable year by an individual or a partnership, the tax attributable to any part thereof which is included in the gross income of any individual shall not be greater than the aggregate of the taxes attributable to such part had it been included in the gross income of such individual ratably over that part of the period which precedes the date of such receipt or accrual."

Thus, where compensation is received in one taxable year for personal services performed over a period of three or more years, section 107(a), Internal Revenue Code, provides some tax relief, by permitting the income to be taxed as though received ratably during the period over which the services were rendered. The Code section specifically covers compensation received under such circumstances by an individual or partnership.

Holding that taxpayer and Attorney McConnell were engaged in a joint venture which was entitled to the same tax treatment as a partnership, the district court sustained the taxpayer's contention that although he personally did not perform services for more than a 13 month period, he was permitted to spread the $20,000 fee received over a 53 month period, commencing in September, 1941.

When section 107 was added to the Code by the Revenue Act of 1939, its purpose was to grant relief from the "hardship" falling upon persons "who work for long periods of time without pay," and then receive their compensation in a lump sum all in one year. S. Rep. No. 648, 76 Cong., 1st Sess., p. 7. Section 107(a) was later amended by section 139 of the Revenue Act of 1942. The requirement that the person who receives the compensation be the person who performs the services was eliminated. Nevertheless there is nothing in the legislative history to indicate that Congress abandoned the "burden" theory which was the motive for enacting the original legislation.

Assuming, as held by the district court, that there was a joint venture between the taxpayer and McConnell, it is certain that the joint venture did not exist prior to 1945. Nor is there any evidence to show that taxpayer was paid compensation for any of the legal services that were rendered in the Bigelow lawsuit prior to the period of 13 months when he worked on the appellate aspects of the litigation.

Taxpayer testified, "He (McConnell) had conducted the trial; that was one-third of the total procedure, as it turned out; and there were proceedings in the Court of Appeals, where the judgment was reversed. Then the third step was a petition for a certiorari, which was granted. That was three steps and each of those steps represented one-third of $120,000, you might say. At least I am expressing my mental process, I worked on two-thirds of the case, which in substance and in fact (was) certainly not more than half, and in short, when $20,000 was proposed I thought I was getting a very fair division."

The trial court relied upon the cases of Commissioner of Internal Revenue v. Marshall, 3 Cir., 185 F.2d 674, and Commissioner of Internal Revenue v. Nielson, 9 Cir., 187 F.2d 233. It was held in those cases that taxpayer, an attorney, was entitled to his share of the current earnings of the partnership regardless of when the services which resulted in the current income had been rendered. We think those cases were correctly decided under the

1942 amendment, but it was the *partnership* that rendered the services, and this partnership continued. The fact that taxpayer joined the partnership and became entitled to its current earnings, no matter when the services were rendered, is quite a different situation than that in the case at bar.

The services rendered for nearly four years by McConnell, commencing in 1941, were of course rendered in his individual capacity and not as a member of a partnership or of a joint venture. It is equally clear that the only services rendered by taxpayer, as member of the joint venture, did not extend over a three year period, as required by the statute, and in fact barely extended over one year.

Instead of being similar to the Marshall and Nielson cases, we think the case at bar is closer to Sovik v. Shaughnessy, 2 Cir., 191 F.2d 895. There the taxpayers had been special partners in a law firm and were entitled to a weekly cash payment for services rendered plus a stipulated percentage of the firm's cash income. The bankruptcy of one of the general partners brought a dissolution, and a second firm was formed in which the taxpayers were also special partners. The death of one of the general partners brought about a dissolution and a third firm was formed in which the taxpayers became general partners. The third firm acquired the assets of the first firm at public auction, which included a large claim for services rendered by the first firm, and which was ultimately collected by the third firm. Although the taxpayers, as general partners of the third firm at the time the claim was paid, came within the literal language of section 107 (a), having received compensation for services rendered by others over a period of more than three years, the court held that section 107(a) was not applicable. The court said, 191 F.2d at page 896: "The 1942 Amendment did not dispense with the requirement that the partnership, through which the taxpayer received his income, must have performed the services for which the income is paid."

The general statutory principle is that a taxpayer on a cash basis must report his income for the year when it is received. Section 107 is a special exemption from that principle. A taxpayer who claims the benefit of that section must show that he comes squarely within the letter and spirit of the Congressional grant. Lindstrom v. Commissioner, 9 Cir., 149 F.2d 344, 346; Smart v. Commissioner, 2 Cir., 152 F.2d 333, 335.

We hold that the taxpayer was not entitled to tack the prior period of services rendered by McConnell to the subsequent period of services performed jointly by McConnell and taxpayer. We think the court erred in holding taxpayer was entitled to invoke the special benefits of section 107(a).

Reversed.