DeWitt M. Sherwood and Edith Sherwood, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 41246. Promulgated June 30, 1953.

*Paul D. Lagomarcino, Esq.,* for the respondent.

#### OPINION.

Murdock, *Judge:* The Commissioner determined a deficiency of $392.16 in the income tax of the petitioners for 1949 and an addition of $46.72 under section 294 (d) (2) of the Internal Revenue Code for substantial understatement of estimated tax. The issues are whether the amount collected on accounts receivable after the sale of the rest of the business was ordinary income or capital gain to taxpayers on a cash receipts basis and whether the addition was proper. The facts have been presented by a stipulation which is adopted as the findings of fact.

The petitioners, husband and wife, filed a joint income tax return for 1949 with the collector of internal revenue for the twenty-eighth district of New York.

The petitioners had owned and operated a wallpaper and paint store for a number of years prior to March 5, 1949, when they sold the stock, fixtures, and tools.

They retained the accounts receivable of the business and, during the remainder of 1949, collected $4,998.21 of those accounts.

They kept their books and reported their income on the basis of cash receipts and disbursements and for calendar years.

They reported the $4,998.21 collected on the accounts receivable as capital gain for 1949. The Commissioner, in determining the deficiency, included the $4,998.21 in ordinary income and excluded it from capital gains.

The petitioners contend that their income from the collection of the accounts receivable from the debtors represents capital gain, i. e., gain from the sale or exchange of capital assets. They cite no authority supporting their contention. Obviously, there is no merit in their argument.

They used a cash receipts and disbursements method of accounting and reporting under which all costs of goods sold and expenses of sales were deducted as paid. Amounts due them from merchandise sold

under their system represent ordinary income when received. Section 22 (a). Thus, the $4,998.21 received in 1949 through collections made after the sale of the business represents ordinary income from that business. Section 42 (a). Cf. *W. H. Combs, Sr.*, 6 B. T. A. 249. It is immaterial that receipt was delayed until after the business had been sold. Expenses of collection, if any, would be deductible, but no question of such a deduction is in issue.

There must be a sale or exchange of a capital asset held for more than 6 months in order to have a long-term capital gain under section 117 (a) (4). Here the accounts receivable were not sold or exchanged, but were merely collected. Collection by the original creditor from the original debtor of accounts receivable created through sales of merchandise in a regular business does not result in the sale or exchange of capital assets. *Charles E. McCartney*, 12 T. C. 320; *R. W. Hale*, 32 B. T. A. 356, affd. 85 F. 2d 819; *John H. Watson, Jr.*, 27 B. T. A. 463; *Sovik* v. *Shaughnessy*, 92 F. Supp. 202, affirmed per curiam 191 F. 2d 895; *Pat N. Fahey*, 16 T. C. 105; *Levinson* v. *Commissioner*, 154 F. 2d 60. The fact that the rest of the business was sold prior to the collection of these accounts has no effect upon the present question.

The petitioners filed a Declaration of Estimated Tax in which they estimated their income tax for 1949 at $500. They filed no amendments and paid no more tax during the permissible periods. The tax shown on their final return for 1949 was $886.46. Their correct tax liability for 1949 is $1,287.62. The estimated tax was less than 80 per cent of the tax imposed upon them. Section 294 (d) (2) provides that in every case of this kind "there shall be added to the tax an amount equal to such excess, or equal to 6 per centum of the amount by which such tax so determined exceeds the estimated tax so increased, whichever is the lesser." The Commissioner, as he was required to do, followed that provision and added $46.72. The petitioners have not shown that he erred. *H. R. Smith*, 20 T. C. 663.

*Decision will be entered for the respondent.*