Raymond T. ZILLMER, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

John M. REDFORD, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

Nos. 11619, 11620.

United States Court of Appeals Seventh Circuit.

May 24, 1956.

William C. Dill and Zillmer & Redford, Milwaukee, Wis., for appellants.

Charles K. Rice, Asst. Atty. Gen., Harry Marselli, Atty., U. S. Dept. of Justice, Washington, D. C., Edward G. Minor, U. S. Atty., Milwaukee, Wis., Lee A. Jackson, A. F. Prescott, S. Dee Hanson, Attorneys, Department of Justice, Washington, D. C., for appellee.

Before LINDLEY, SWAIM and SCHNACKENBERG, Circuit Judges.

LINDLEY, Circuit Judge.

Plaintiffs appeal from a judgment entered against them in their suit to recover income taxes, Zillmer v. U. S., D. C., 133 F.Supp. 219. The facts, fully discussed in the opinion of Judge Grubb,

need be referred to only briefly. Essentially, they are as follows. Plaintiffs, appointed in the year 1940 by the court as counsel for the trustees in a complicated reorganization proceeding, continuously supplied legal services in that capacity until 1944, receiving from time to time, on account, interim payments authorized by the court. No specific amount of compensation or yard stick for determining it was fixed in the order appointing them or at any time thereafter, until conclusion of the proceedings in 1944, when final allowances were made. These amounts were paid to the taxpayers and they accounted for the same in their tax returns as income received in the years in which the payments were actually made to them.

Their suit to recover was based upon Sec. 107(d) of the Internal Revenue Code, 26 U.S.C., on the theory that, under the provisions of that statute, they were authorized to make returns of the final allowances on the basis of "back pay" earned during the prior years of their employment. The trial court ruled against them, holding that they had not brought themselves within the limitations of the statute.

Plaintiffs contend that this was error; that they are within the purview and intent of Section 107(d), set forth in the district court's opinion, and that the court should have found that the fees in question, received and reported in the taxable years 1944 and 1945, constituted statutory "back pay" attributable, for income tax purposes, to the several prior years during which they rendered their services in continuity.

Essentially, 107(d) grants relief when back pay received in any one year for services previously rendered includes remuneration, wages, salaries or other similar compensation which would have been paid in the years prior to the taxable year except for the intervention of bankruptcy or receivership of the employer or of some other event "determined to be similar in nature." The enactment was undoubtedly inspired and devised on the part of Congress, to reach

inequities frequently resulting from taxing the entire sum earned over a number of years in one or two years. It is remedial in character, in that it furnishes relief to a taxpayer within its terms against the injustice of having to pay on a greater income than he would have had to pay if earlier payment had not been prevented by the specific statutory events. To that extent it provides an exemption from taxation. See Van Hook v. U. S., 7 Cir., 204 F.2d 25, certiorari denied 346 U.S. 825, 74 S.Ct. 42, 98 L.Ed. 350; Sovik v. Shaughnessy, D.C., 92 F.Supp. 202, affirmed 2 Cir., 191 F.2d 895. Therefore, a taxpayer, in order to recover, must bring himself squarely within the terms of the act, Van Hook v. U. S., 7 Cir., 204 F.2d 25, 28, and cases there cited, for exemption statutes, even though remedial, are to be strictly construed. Botany Worsted Mills v. United States, 278 U.S. 282, 49 S.Ct. 129, 73 L.Ed. 379; Heiner v. Colonial Trust Co., 275 U.S. 232, 48 S.Ct. 65, 72 L.Ed. 256; Cornell v. Coyne, 192 U.S. 418, 24 S.Ct. 383, 48 L.Ed. 504.

■ Ignoring for the purposes of this decision any question as to whether counsel employed by a court in a reorganization proceeding as attorneys for the trustees ever receive compensation in the nature of "back pay", as defined by the statute, under any circumstances, we confine this opinion to the determination of whether, and conceding for that purpose that petitioners are within the statutory provisions, the facts in this case justify a determination that delay in payment of the final compensation was not due to the intervention of bankruptcy or any similar occurrence. As emphasized by the district court, no bankruptcy intervened to cause a deferment of payment of plaintiffs' compensation. Indeed, they were employed by the court after a bankruptcy reorganization had intervened for the purpose of rendering service to the court in that proceeding. There was no evidence that there existed at any time any reason why what they earned could not have been paid sooner. In other words, as the trial court said, the court proceedings led to their employment and did not intervene after their employment and thus cause delay in payment of their fees. To the same effect are Wardall v. United States, D.C., 111 F.Supp. 885, 125 Ct.Cl. 128, from which the trial court quoted extensively, and Cowan v. Henslee, 6 Cir., 180 F.2d 73, affirming, D.C., 84 F.Supp. 813. With this reasoning we agree.

Plaintiffs insist that they come within the further provision of 107(d) which allows relief upon intervention of "any other event determined to be similar in nature" and endeavor to draw an analogy between the services rendered by attorneys for the trustee and those involved in a case of intervention of bankruptcy. But we think the analogy fails. They rely, in this respect, on Langer's Estate v. Commissioner, 9 Cir., 183 F.2d 758. But there insolvency had intervened, though court proceedings had not been instituted, and the proof was that the delay in or deferment of payment of compensation to the plaintiffs was due entirely to the intervention of this insolvency, which effectively prevented them from procuring their compensation until years later. The case is inapposite to the one presented here. Despite the zealous argument of counsel for plaintiffs, we think it clear from the facts stipulated and those found by the trial court that, in the present instance, the delay in payment was not due to the intervention of bankruptcy or of any event similar thereto. If hardship has resulted, the remedy lies in statutory amendment, not in judicial decision.

■ In reaching this determination we have ignored any limitation, if any exists, in the pertinent regulation over and beyond those of the statute. However, we think Treasury Regulation 111, § 29.107-3, interpreting Section 107(d), is clearly consistent with the statute and, therefore, should be given the effect of law. Commissioner of Internal Revenue v. South Texas Lumber Co., 333 U.S. 496, 68 S.Ct. 695, 92 L.Ed. 831. But, irrespective of that arguable proposition,

we ground our decision upon the postulate that plaintiffs have not brought themselves within the meaning of the statute itself.

Plaintiffs argue that certain documents to which defendant objected were properly received. As to this the Government is content with the observation that the court, in making its determination, considered those exhibits with all others and, therefore, that the taxpayers can not and the United States does not complain. To this we accede.

The judgment is

Affirmed.