James E. HUGHES & Elizabeth Hughes,

v.

UNITED STATES of America.

Civ. No. 10831.

United States District Court
E. D. New York.

Oct. 10, 1956.

Coudert Brothers, New York City, by James E. Hughes, Washington, D. C., for plaintiffs.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., by Robert Manuel, Sp. Asst. U. S. Atty., Washington, D. C., for the United States.

RAYFIEL, District Judge.

The plaintiffs move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C. The defendant cross-moves for summary judgment dismissing the complaint.

The undisputed facts follow:

The plaintiff, James E. Hughes, hereinafter called the taxpayer, is an attorney in the employ of the law firm of Coudert Brothers. His employment commenced on August 19, 1935, and on January 1, 1945, he became a partner. From August 19, 1935, to December 31, 1941, he was paid a fixed salary. During the years 1942 and 1943, however, he received as salary 3% of the net profits of the firm after the payment of certain expenses. During those years his employers received fees in several matters which had been pending for more than three years, and in which, during said period they had performed various services. In 1942 the taxpayer received as his share of the said fees the sum of $2,592.74, and in 1943 the sum of $840.56. His total salary in 1942 was $8,428.17, and in 1943 $7,403.90. He filed claims for refunds on his 1942 and 1943 income taxes in the sums of $92.11 and $288.30 respectively, which claims were disallowed by the Commissioner of Internal Revenue.

The taxpayer bases his claim for the refunds on Section 107(a) of the Internal Revenue Code of 1939, 26 U.S.Code, 1952 edition, Section 107(a), which provides as follows:—

"If at least 80 per-centum of the total compensation for personal services covering a period of thirty-six calendar months or more (from the beginning to the completion of such services) is received or accrued in one taxable year by an individual or a partnership, the tax attributable to any part thereof which is included in the gross income of any individual shall not be greater than the aggregate of the taxes attributable to such part had it been included in the gross income of such individual ratably over that part of the period which precedes the date of such receipt or accrual."

He contends that the fees in question were received by his employers (a partnership); that they constituted in each case "compensation for personal services covering a period of thirty-six calendar months or more"; that in each case the amount received by his employers represented at least eighty per centum of the total compensation for the personal services involved; that they were received in one taxable year by the partnership; and that this matter involved "the tax attributable to any part thereof which is included in the gross income of any individual,"—in this case, the taxpayer.

The Government contends that since the taxpayer was not a partner during the years 1942 and 1943 he is not entitled to the benefits of Section 107(a), which, it maintains, was intended to give relief to an individual or a partnership which, in a given year, received payment for services extending over at least three years. But, presumably, the plaintiff performed services in said matters for the period of at least three years prior to the dates of the receipt of such payments.

The purpose of the statute was stated in the case of Van Hook v. United States, 7 Cir., 204 F.2d 25, at page 27:

"When section 107 was added to the Code by the Revenue Act of 1939, its purpose was to grant relief from the 'hardship' falling upon persons 'who work for long periods of time without pay,' and then receive their compensation in a lump sum all in one year. S.Rep.No.648, 76 Cong., 1st Sess., p. 7."

In that case the court disallowed the taxpayer's claim because he was associated, as a joint venturer, with the matter in question for a period of only thirteen months although the entire matter took fifty-three months to complete.

It is conceded that the taxpayer in the case at bar has been employed by the partnership since August 19, 1935, almost seven and eight years respectively prior to the tax years involved herein. In my opinion the taxpayer comes within that portion of Section 107(a), supra, which states "the tax attributable *to any part thereof which is included in the gross income of any individual* shall not be greater \* \* \*." Here all of the requirements of Section 107(a) have been met.

Accordingly the plaintiff's motion is granted and the defendant's motion denied.

Settle order on notice.