Harold L. WARD and Estate of Virginia
Palmer Ward, Deceased, Harold L.
Ward, Executor, Petitioners,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.

No. 12881.

United States Court of Appeals
Sixth Circuit.

Jan. 16, 1957.

Earl Q. Kullman, New York City, for
petitioners.

Helen A. Buckley, Washington, D. C.,
argued, Charles K. Rice, Lee A. Jackson,
Robert N. Anderson, Washington, D. C.,
on the brief, also on docket are John
Potts Barnes and Vernon F. Weakley,
Washington, D. C., for respondent.

Before MARTIN, MILLER and
STEWART, Circuit Judges.

PER CURIAM.

Petitioner, Harold L. Ward, rendered
services to a corporation throughout the
years 1937–1947 under a contract which
provided for payment of compensation
contingent upon successful recovery and
sale of timber lands in the redwood coun-
try of California, the legal title to which
had been largely forfeited for non-pay-
ment of California property taxes. Un-
der the contract the compensation was to
be paid at a time when the corporation
was in a financial position to pay him.
The matter was brought to a successful
conclusion in 1948. Further details are
given in the Tax Court's Findings of
Fact, reported at 25 T.C. 815.

On April 14, 1948 corporation action
was taken fixing petitioner's salary at
$8,000.00 for each of the nine years,
1937 through 1945, and $10,000.00 for
each of the years 1946 and 1947, or a
total back pay of $92,000.00. Payment
was directed to be made forthwith for
the years 1937 through 1940; on Janu-
ary 2, 1949 for the years 1941 through

1944; and on January 2, 1950 for the years 1945 through 1947. Pursuant to such action, petitioner was paid $32,000.-00 in 1949. In his 1949 income tax return petitioner treated the $32,000.00 as long term compensation under Sec. 107 (a), Internal Revenue Code, 1939, 26 U. S.C.A. § 107(a), or in the alternative, "back pay" under Sec. 107(d) of the Code. The commissioner rejected these contentions and treated the $32,000.00 as ordinary income in 1949, with resulting deficiencies.

The Tax Court affirmed the ruling, holding (1) that there was but one contract for the entire services for which he was paid $92,000.00, and that 80% of such total compensation was not paid to petitioner in 1949 as required by Sec. 107(a), and (2) that payment of back salary was not made prior to 1949 because the corporation saw fit to use its earnings and profits for other purposes, including the payment of $180,000.00 in dividends in 1946, rather than because of any of the reasons authorizing such delay under Sec. 107(d), 25 T.C. 815.

■ We agree with the reasoning and ruling of the Tax Court. With reference to Sec. 107(a) see: Cowan v. Henslee, 6 Cir., 180 F.2d 73; Kauffman v. Westover, D.C., 111 F.Supp. 752; Civiletti v. Commissioner, 2 Cir., 152 F.2d 332, certiorari denied, 327 U.S. 804, 66 S.Ct. 963, 90 L.Ed. 1029; Smart v. Commissioner, 2 Cir., 152 F.2d 333, certiorari denied, 327 U.S. 804, 66 S.Ct. 962, 90 L.Ed. 1028; Norcross v. United States, D.C., 114 F. Supp. 51, affirmed 3 Cir., 222 F.2d 209. We do not consider Slough v. Commissioner, 6 Cir., 147 F.2d 836, relied upon by petitioner, as being in conflict with this ruling. With reference to Sec. 107 (d) see: Zillmer v. United States, 7 Cir., 233 F.2d 912; Wardall v. United States, 111 F.Supp. 885, 125 Ct.Cl. 128; Bavis v. Commissioner, 3 Cir., 202 F.2d 843.

■ Petitioner attempts to support his contentions by stating that the income received by him in 1948 and 1950 was treated by him in a manner similar to his treatment of his 1949 income and has been approved by the Commissioner,

thus proving inconsistency in the Commissioner's present position with respect to his 1949 income. What happened with respect to the 1948 and 1950 returns is not before us on this record. In addition, where a retroactive assessment is not involved and in the absence of estoppel, which is not present in this case, neither the taxpayer nor the Commissioner is prevented by a prior erroneous ruling of law from applying the correct legal ruling in a later year. Crosley Corp. v. United States, 6 Cir., 229 F.2d 376; Automobile Club of Michigan v. Commissioner, 6 Cir., 230 F.2d 585, 589, certiorari granted 352 U.S. 817, 77 S.Ct. 32, 1 L.Ed.2d 44.

The judgment of the Tax Court is affirmed.